## In the matter of MERRITT & LYON.

The court by whom a receiver is appointed has jurisdiction to restrain him from prosecuting an unjust and vexatious suit at law, in the name of a third person, without his consent, although the persons applying for such relief are not parties to the suit in which the receiver was appointed.

If a person institutes a suit in the name of another without his consent, and without any legal or equitable right to do so, the person in whose name the suit is thus instituted is entitled to have the proceedings stayed, upon application to the appropriate tribunal.

Where the court of chancery directs a receiver to institute a suit at law in the name of a third person, the nominal plaintiff may be enjoined from discontinuing or releasing the action, or from applying to the court of law to stay the proceedings therein; but the receiver will not be permitted to bring an action in the name of a third person, against his consent, without giving security to indemnify him against the costs of the suit.

The court of chancery has jurisdiction to protect its officers in the discharge of their duties, by restraining proceedings at law against them for acts done by them under the direction of the court; although such proceedings at law are instituted against them by persons who are not parties to the suit in chancery. It has also jurisdiction to protect such third persons against an abuse of power, on the part of its officer, attempted to be exercised under pretence of an authority derived from the court.

THIS was an appeal from the decretal order of a vice chancellor, dismissing a petition with costs. The petition stated

that, in 1816, S. Townsend now deceased, and the petitioner M. Lyon as his surety, gave to the petitioner, D. Merritt, a sealed note for about $800, payable in twelve months; that in 1820, the note being unpaid, J. Peck received it for the purpose of collection merely, and gave his receipt therefor, specifying that it was so received; and at his request, and as evidence of his authority to collect the same, D. Merritt endorsed his name on the back of the sealed note, but without any intention of giving Peck any interest therein; that, as the petitioners believed, Peck afterwards collected the money from Townsend, the principal debtor; but having neglected to pay it over, that D. Merritt sued him, and upon proof of that fact, recovered a verdict for the amount of the note, on which a judgment was afterwards entered against Peck; that D. Merritt afterwards compromised with Peck, by relinquishing the costs of suit and $400 of the debt, with an understanding that the note, if any thing was due thereon, was thereafter to be the property of D. Merritt; but as the note was then in the hands of Peck's attorney, it was not delivered up; that D. Merritt afterwards received a small sum from Lyon, and gave him a release and discharge from all liability on account of the note; that a creditor's bill was afterwards filed before the vice chancellor against Peck and C. Bouton, in favor of Lott Merritt; and in October, 1834, a decree was agreed upon by the solicitors of the parties in that suit, appointing a receiver of the property and effects of Peck; and that such receiver, a few days afterwards, brought a suit upon the note in the supreme court, in the name of D. Merritt as plaintiff against Lyon; which suit was brought without the consent and against the will of D. Merritt, and at the instigation of Lott Merritt, the complainant in the chancery suit, the receiver claiming the note as belonging to Peck by virtue of the endorsement on the back thereof. The petitioners alleged that the suit was thus brought for the purpose of unjustly harrassing and oppressing Lyon, and of ultimately injuring D. Merritt by subjecting him to costs. They therefore prayed for an order restraining the receiver and Lott Merritt from proceeding further in the suit, in the name of D. Merritt; or for such other relief as was

proper. Upon the hearing of the petition before the vice chancellor, the solicitor of Lott Merritt and attorney of the receiver, upon whom notice of the application was served, appeared, and counsel was heard in opposition to the petition; but no evidence or affidavit was produced to contradict or explain any of the allegations contained therein. The application, however, was denied, and the petition was dismissed. And the petitioners were ordered to pay to Lott Merritt or his solicitor the costs of opposing the same.

*J. V. L. Pruyn*, for the appellants. This court will interpose, and direct and control its receiver in regard to his trust, as to the bringing of actions, distraining for rent, &c. See the cases collected in *Chitty's Equity Digest*, 1134. Among the cases there referred to, is that of *Dacie* v. *John*, (1 *M'Clel. Rep.* 575.) In that case it is said the court will not empower a receiver to sue for debts due to the estate, where the proceeding would be oppressive to creditors, or where it is not probable that any advantage will be derived from it. In *Wynne* v. *Lord Newborough*, (1 *Ves. jun.* 164,) a motion was made by a remote remainder-man, and the tenants, to restrain the receiver from ejecting the tenants; which motion was refused, with costs, upon the ground that their interest was not sufficient to authorize them to make the motion. But the refusal was not put upon the ground that such an application was not proper, if the interest of the applicants had been sufficient. The receiver is not ordinarily authorized to bring suits, or to distrain, without the sanction of the court; and although a receiver appointed upon a creditor's bill, under the 192d rule of this court, is allowed a larger discretion, yet the cases not coming within that rule, shew both the right and the propriety of a strict supervision of the receiver by the court. In the present case, the court, by its officer the receiver, is prosecuting a groundless and vexatious suit, between two other parties not before this court, to the certain loss and injury of both. The court should interfere and prevent such oppression.

A question has arisen as to the entitling of the petition. This is a technical objection, which ought not to turn the petitioners out of court. The object of entitling the peti-

tion is, to give such a character to the proceeding, that, if the statements therein should be wilfully false, the party who has sworn to it may be indicted for perjury ; and that the petition may not be presented to the court without any responsibility. These are the principal and almost the sole objects of the title. (2 *Glyn & Jameson*, 44.) An indictment for perjury may be sustained on any petition presented to a court of chancery in relation to matters within its jurisdiction, if wilfully false. It is not necessary, for this purpose, that the petition be entitled. In many cases the title is a matter of indifference— as in proceedings on attachments, where the papers are sometimes in the name of the people, and sometimes in the name of the parties. (1 *Hoffman's Pr.* 449.) It was not proper here to entitle the papers in any suit. The petitioners were not parties to the suit in this court, and therefore had no right to act in the suit. The supreme court has decided, that on a motion for a mandamus to a court of common pleas, in regard to a suit pending there, the papers must not be entitled. (*Haight* v. *Turner*, 2 *John. Rep.* 371.)

*L. Hoyt*, for Lott Merritt and the receiver. Neither of the petitioners are parties to the suit in chancery, in which they ask relief, nor are they in any way connected with it. They have no interest or claim upon monies which the receiver may collect. The court may undoubtedly interfere and restrain a receiver from prosecuting a suit ; but it must be a case where the prosecution would injure the fund, and upon the complaint of some person who has an interest in the fund.

The only complaint which D. Merritt makes, is, that the suit against Lyon is prosecuted in his name, without his consent and against his wish. He does not pretend that he has sustained any injury, or that L. Merritt and the receiver are not abundantly able to respond for any damages he may hereafter sustain. Again, he has a full and perfect remedy by an application to the supreme court ; which court has the power to direct the suit to be discontinued, or to direct security to be given to indemnify him against any damage he may sustain by his name being used. But this court ought not and will not, upon petition, direct a perpetual injunction.

Lyon does not pretend that he has paid the note, or any part of it; but he insists that the suit ought not to be prosecuted against him because Townsend paid the note to Peck; and that he paid D. Merritt a valuable consideration, and received a release from his liability on the note. If the note had actually been paid by Townsend, then Lyon did not want a release; or, if he wished one for his protection, he was entitled to it without paying for it. By paying a valuable consideration for the release, he negated the pretence of payment by Townsend, and admitted his liability on the note. If the release was given after the judgment against Peck, D. Merritt had no right to release the note; and the release, being intended as a *fraud* upon the rights of Peck, is void. Lyon has also a complete defence at law in relation to all the matters of which he complains. He has set up that defence in the suit brought against him in the name of D. Merritt; and this court will not, upon petition, try and decide a matter which properly belongs to a jury to pass upon.

THE CHANCELLOR. From the facts stated in this petition, it is evident that the receiver, at the instigation of Lott Merritt, is prosecuting an unjust, vexatious and oppressive suit, in the supreme court, in the name of one of these petitioners against the other, without the least shadow or pretence of right to commence such a suit in the name of D. Merritt. And when these facts are taken in connection with the very singular decree which appears to have been agreed upon by the parties in the chancery suit, I think there is some reason to apprehend that the suit in the supreme court is the result of an improper combination, between the parties in the chancery suit, to prosecute an action at law against Lyon in such a way as to deprive him of the testimony of D. Merritt, the only witness, not interested, who could explain the endorsement on the back of the sealed note; and thereby to shut out the defence. I presume, therefore, that this petition must have been dismissed on the sole ground that the vice chancellor supposed he had not jurisdiction to interfere, in such a case, in behalf of persons who were not parties to the suit in this

court. The objection that the petition was not entitled in the suit in which the receiver was appointed, was very properly waived by the counsel for the respondents, on the argument, as that suit is sufficiently referred to in the body of the petition.

It is not necessary to refer to any authority, to show that one person has no right to institute a suit in the name of another, without his consent, either express or implied ; or that the person in whose name such suit is instituted, is entitled to have the proceedings stayed, upon an application to the appropriate tribunal. And even where the bringing such a suit is proper, as where this court directs a receiver to bring a suit at law in the name of another person, the uniform practice of the court is, to require the party who brings such suit, to give security to indemnify the nominal plaintiff against the costs. (*Green* v. *Winter*, 1 *John. Ch. Rep.* 60. *Ex parte Little*, 3 *Moll. Ch. Rep.* 67.) Where the person bringing the suit in the name of another has no legal or equitable right to institute such suit, the person in whose name it is brought is not bound to lie by and suffer it to proceed, even upon the tender of an adequate indemnity. On the contrary, if he is satisfied his name is improperly used for the purpose of harrassing or oppressing the defendant, it is his duty, as an honest man, to interfere, where he has a right to do so. In ordinary cases, where a suit is instituted in the name of another without his consent and without authority, the remedy of the party in whose name it is brought, is by an application to the court in which the suit is instituted, to stay the proceedings, and to punish the person, by whom it is instituted, for an abuse of the process of the court. And the remedy of the defendant against whom such a suit is commenced is by indictment, or by a suit for the penalty given by the statute in such cases. (2 *R. S.* 550, § 1.) In this case, if the court of chancery should not interfere to restrain the petitioners from proceeding in that manner against the receiver who is its officer and is supposed to act under its authority and by its direction, these remedies would be open to them. It does not follow, however, that the court is to lose all jurisdiction over its officer, or over

its suitors, because those who may be injured or oppressed by the proceedings of a receiver, may possibly have a remedy by an application to another tribunal. Where this court directs a receiver to bring a suit at law in the name of another person, upon giving the usual indemnity, it will interfere by injunction to restrain the nominal plaintiff from discontinuing or releasing the action, or from applying to the court of law to stay the proceedings. The court will also, in its discretion, restrain third persons from instituting proceedings at law against its officers, acting under its direction, although the persons by whom such proceedings are instituted are not parties to the suit in this court. (*Ex parte Clarke,* 1 *Russ. & My.* 563. *Batchelor* v. *Blake, Hogan's Rep.* 98. *Nugent* v. *Nugent, Smith's Office of Receiver,* 104, *note ;* 2 *Molloy's Rep.* 372, *S. C. Aston* v. *Heron,* 8 *Legal Obs.* 218. *Wardle* v. *Lloyd,* 2 *Moll. R.* 388.) If this court can interfere in this summary manner, against persons who are not parties to the suit, to protect a receiver or other officer acting under its direction, it may also interfere in the same manner to protect third persons against an abuse of power, attempted to be exercised by another under pretence of an authority derived from this court as an officer thereof. The possession of a receiver or a sequestrator is considered as the possession of the court by whom he is appointed. And if a third person claims adversely, he must apply here for leave to bring a suit at law to try his title ; or he may ask to come in and be examined *pro interesse suo* to establish his title in this court. For the same reason, a suit brought by a receiver is to be considered as brought under the authority of this court ; and if brought in the name of a third person, without his authority and without any foundation or pretence of right, as in the present case, the parties to such suit may apply here for protection against the unjust and unauthorized proceedings of the receiver.

The order of the vice chancellor, dismissing the petition with costs, must therefore be reversed, with costs to be paid by the respondents. The receiver must also be directed to discontinue the suit at law, and to pay to Lyon his costs therein, so as to indemnify D. Merritt against such costs;

and the note must be delivered up to be cancelled, and the receiver is to be perpetually enjoined from instituting or prosecuting any suit thereon.