WILLIAM PEACOCK, PUBLIC ADMINISTRATOR IN CHARGE OF THE ESTATE OF JACKSON MADDOX, DECEASED, Respondent, *v.* RICHARD H. NELSON, Appellant.

1. *Sale of lands — Agency — Suit at law for balance — Statute of frauds — Parol evidence.* — Land was conveyed by deed absolute on its face, and for an alleged valuable consideration, but in fact without consideration, with a verbal agreement that the grantee should sell the land as agent for the grantor and account for the proceeds. *Held,* that the agreement, not being in writing, as required by the statute of frauds (Wagn. Stat. 655, § 3), could not be carried out, and could not be shown in evidence for that purpose. But the agreement would raise an implied trust in the grantee to account for the land and its proceeds to the grantor, and proof of the bargain as shown the last named trust would be competent under the statute of frauds. That act contemplates express and not implied trusts. In such case the grantor might sue for the recovery thereby of the balance of proceeds in the hands of the grantee, declaring upon the agreement merely as inducement, and the cause would be properly submitted to the jury.

2. *Practice, civil — Evidence — Verdict — Appeal.* — Where there is evidence to support a verdict in a law case, the Supreme Court will not disturb it.

*Appeal from Jackson Circuit Court.*

*T. T. Gantt,* for appellant.

Maddox's administrator relies upon certain verbal admissions and verbal testimony to show that the deeds were made upon a different consideration than that shown on their face; that they were made, in fact, in order to enable Nelson to sell the land conveyed, in trust that he would pay the net proceeds to Maddox. Such testimony is incompetent under the statute of frauds. (Wagn. Stat. 655, § 3.)

(Section 4 of this chapter contains an exception in favor of such trusts as result by implication of law from the deeds themselves. But this is so clearly out of the scope of the case under examination that no more need be said on that score, and we only consider the application of section 3 to the facts.)

No verbal evidence was admissible to vary, add to, or detract from the deed. (1 Sugd. on Vend. 177; Maigley v. Hauer, 7 Johns. 341–2; Kidd v. Carson, 33 Md. 37; Hogel v. Lindell,

10 Mo. 488–9; Montany v. Rock, *id.* 506–8.)   In the cases of Jackson v. Fish, 10 Johns. 450; Benedict v. Lynch, 1 Johns. Ch. 381; Leonard v. Vredenburg, 8 Johns. 29, the parol evidence was not repugnant to the terms of the deed.   Counsel cited generally: Bradley v. Bradley, 24 Mo. 311; Smith's Adm'r v. Thomas, 29 Mo. 307; 31 Mo. 75; Lane v. Ewing, 31 Mo. 75; Flint v. Shelton, 13 Mass. 446; Myers v. Fields *et al.*, 37 Mo. 434; Jennings *et al.* v. Brizeadine, 44 Mo. 332.

*R. Hicks*, for appellant.

The verbal testimony offered by respondent, whether to prove a trust or to contradict, vary or modify the contract recited in the deed from Maddox and wife to Nelson for the land, the price of which is in controversy, was incompetent and irrelevant, and the court erred in permitting the same to go to the jury over the objection of appellant.   (Morse v. Shattuck, 4 N. H. 229; Hall v. Hall, 8 N. H. 131; Wilkinson v. Scott, 17 Mass. 256; Gully v. Grubb, 1 J. J. Marsh. 388; McCrea v. Purmont, 16 Wend. 460, 475; Davenport v. Mason, 15 Mass. 89; Boyd v. Stone, 11 Mass. 347; Brigham v. Rogers, 17 Mass. 573; Stockpole v. Arnold, 11 Mass. 26; Graves v. Graves, 9 Foster, N. H., 944–5; Farrington v. Barr, 36 N. H. 88.)

This is a collateral action, not founded on the contract recited in the deed, but on a parol agreement made anterior to the execution and delivery of the deed.   Now, what right to the land, the price of which is in controversy, was vested by virtue of the deed in appellant? The absolute estate in fee simple. What right and title to the same land was extinguished by that deed? Why, all the right, title and interest Maddox had in the land was transferred to and vested in Nelson. What, then, is proposed to be done by said verbal testimony? Is it to prove an agreement anterior to the deed, independent of and collateral to the deed, not repugnant and contradictory to any of the rights or interests vested in appellant by virtue of said deed? Is it proposed by such verbal testimony to prove such anterior verbal agreement without revesting Maddox with any interest in said land, either legally or equitably? No such thing. It was to show that the

deed did not convey what it purported to convey; that Maddox had a resulting trust in the land; that the land was not sold; that Nelson held the land for Maddox, and that Maddox had an equitable interest in the land.

*Wm. Douglass*, for appellant.

I. The case stated in the petition is one of exclusive equity jurisdiction. It states that a trust was created of said lands for the benefit of Maddox, with Nelson as trustee. (2 Sto. Eq., § 994.)

II. The plaintiff, then, claiming under a trust, must, as the trust is denied in the answer, establish its existence by writing. (Gen. Stat. 1865, ch. 106, § 3; Lane v. Ewing, 31 Mo. 75; Steere v. Steere, 5 Johns. Ch. 1; Irwin v. Ivers, 7 Porter, Ind., 308; Lantry v. Lantry, 51 Ill. 458.) Such trust cannot be proved by parol, although a resulting or implied trust may. But this is not a resulting or implied trust. Lord Hardwicke, in Lloyd v. Spillet, 2 Atk. 150, says that "a resulting trust arising by operation of law, exists: 1st, when the estate was purchased in the name of one person, and the consideration came from another; 2d, when a trust was declared as to part, and nothing was said as to the residue, that residue remaining undisposed of remained to the heir at law." (1 Greenl. Ev., § 266; 4 Kent, 306; Hogel v. Lindell, 10 Mo. 483; Montany v. Rock, 10 Mo. 506.) There is no pretense of such a resulting trust here, and there is a complete failure to prove any trust by writing. Upon the evidence, then, the plaintiff could not recover, and the instruction to that effect, asked by the defendant at the close of plaintiff's case, ought to have been given. (Harris v. Woody, 9 Mo. 113; Boland v. Mo. R.R., 36 Mo. 484; Jaccard v. Anderson, 37 Mo. 91; Smith v. Hann. & St. Jo. R.R., 37 Mo. 247; Callahan v. Warne, 40 Mo. 131; McCarthy v. Wolf, 40 Mo. 520; Singleton v. Pacific R.R., 41 Mo. 465.)

III. The defendant being charged as trustee, the case was one of exclusive equity cognizance, and was for the court and not for the jury to try. In such case "no action at law will lie; it is a case for the consideration of the court." (Sturt v. Mellish, 2 Atk.

612 ; see also Watkins v. Holman, 16 Pet. 59.) The objection of defendant, then, to trying the case before a jury ought to have been sustained, and the motion filed by him to discharge the jury before any evidence was heard, is supported by the best authority.

*J. E. Merryman* and *W. M. Chrisman*, for respondent.

In order to recover in this case it was not necessary for the plaintiff to have proven the agreement by any instrument of writing or by written testimony, for the reason that the agreement is not within the statute of frauds. "It is not necessary that the *assumpsit* for the price of the land should be in writing. This is not required to be written. Besides, the statute has not been construed to apply to executed contracts. And the grantor is entitled to recover on the promise made in consideration of the execution of the deed." (Gully v. Grubbs, 1 J. J. Marsh. 388 ; 6 Greenl. 364 ; 7 Greenl. 179 ; Roberts v. Tennell, 3 Monr. 247.) Where land is conveyed to the grantee upon an agreement that the grantee shall pay to the grantor the proceeds he may realize out of a re-sale of the land, an action of *assumpsit* may be maintained on the agreement. (Graves v. Graves, 45 N. H. 323–4 ; Hall v. Hall, 8 N. H. 129 ; 36 Me. 413.)

There was no use reserved in favor of Maddox, because he takes the independent promise of Nelson to pay him an amount of money, and because not a word was said that either the land or the use of it should ever return to Maddox. There was no trust and use, because Nelson never intended that the sale should be a conditional one, and defendant sets up none in his answer and joins issues on the consideration for the sale of the land. The only remedy that Maddox or his administrator has is *assumpsit* on the agreement ; and to debar him of that remedy would be committing a fraud on him, which the statute never intended. If the parties had intended to reserve a use for Maddox in the land, they would have done so by putting it in writing. (1 Sugd. Vend. 155, note.)

ADAMS, Judge, delivered the opinion of the court.

The amended petition, upon which this case was tried, substantially stated the facts to be that the plaintiff's testator, Larkin

Maddox, in.1865, conveyed in fee to the defendant some 3,000 acres of land situated in Jackson and Cass counties; that although $11,500 is named in the deed as the consideration, there was, in fact, no consideration at all paid or agreed to be paid by the defendant, but the conveyance was made to the defendant merely for the purpose of enabling him to act as the testator's agent in the sale of the lands, and that the express agreement between them was that he was to sell the lands and account to the testator for the proceeds; that the defendant did sell all the lands except 450 acres, and realized a large amount of money; that on the 31st of August, 1865, the defendant had a settlement with the testator, and acknowledged upon such settlement that he had in his hands $19,410 of the proceeds of the sale of these lands.

The petition then alleges that, notwithstanding the agreement in relation to the sale of the lands, the defendant, since the death of the testator, denies that he made the agreement, and asserts that he purchased the lands absolutely and unconditionally. The petition then credits the defendant by several alleged payments on the amount so alleged to have been due upon settlement, leaving a balance of $16,630.96 for which the plaintiff as administrator asked judgment. The answer denies the material facts stated in the petition.

When the case was called for trial the defendant objected to a trial by jury, on the ground that it was a suit in chancery and not an action for the recovery of money only; but the court overruled the objection, and the defendant excepted. The case was then submitted to a jury, and they found a verdict for the plaintiff for more than $17,000. The usual motion for a new trial was made and overruled, and the defendant has brought the case here by appeal.

Upon the trial of the case the defendant objected to all parol evidence of the alleged agreement between the defendant and the plaintiff's testator, and of the terms on which the conveyance was made, and the learned counsel for defendant have made the point here and elaborated it with ability, that to suffer parol evidence to establish the alleged trust would be to overthrow the statute of

frauds and perjuries, which requires trusts to be manifested and proved by a writing to be signed by the party creating the trust.

This is true in regard to express trusts, but the statute expressly excepts from its operation trusts arising by implication. If A., for valuable consideration paid by B., conveys land to him to be held in trust for C., and this trust is not expressed in the deed, it cannot be proved by parol evidence; and although created by parol, it must be manifested or proved by some writing to be signed by B. If no writing is produced, B., who paid for the land, will hold it discharged of the alleged parol trust. But suppose, in the instance named, A., without any consideration whatever moving from B., conveyed the land to him with the express agreement that he would declare a trust in favor of C., and after thus obtaining the land B. should refuse to declare the trust, would a court of equity suffer him to hold for his own use the land acquired by this kind of fraud? Although the trust in favor of C. could not be carried into effect because there would be no writing to manifest it, still the land thus acquired by fraud would be held in trust for the grantor, A., and a court of equity would compel B. to convey it back to A. In this case B. would be protected against the express trust in favor of C. by the statute of frauds; but the implied trust in favor of A., growing out of the fraud, is excepted from the operation of the statute. If this were not the case, the statute, which was intended to protect parties against fraud and perjury, would itself be an engine of fraud.

So, in the case under consideration, if it be true, as alleged, that the defendant obtained a conveyance of the testator's lands merely to act as agent for the sale of them, he cannot hold them for himself; and when he attempts to do so, a trust grows up in favor of the grantor by implication, which a court of equity will compel him to execute. (See Tiff. & Bull. Trusts and Trustees, 22–23; Groves' Heirs v. Fulsome et al., 16 Mo. 543.)

But this is not a suit to compel the execution of the alleged trust. The amended petition merely states the trust by way of inducement, and then declares upon a stated account and seeks to recover the balance of this stated account. Viewed in this light,

it is an action at law for the recovery of money only, and was a proper case to be submitted to a jury.

The evidence tended to show that there had been a settlement, and one witness stated positively that the defendant told him that he had in his hands $16,000 of the money of Maddox, the testator, and Maddox had nothing to show for it. But the evidence was contradictory, both in regard to the trust and the stated account. There was, however, enough to support the verdict, and under the rulings so often made by this court we are not at liberty to disturb it.

Let the judgment be affirmed. The other judges concur.