FREDERICK W. DAMSCHROEDER, Defendant in Error, *v.* FRANCIS THIAS, Plaintiff in Error.

1. *Equity — Frauds and trusts — Statute of frauds.*—Where one acquired the title to premises by fraud, and by the same means induced the owner to attorn to him, a court of equity would declare him a trustee for the true owner. He could not in such case invoke the statute of frauds, and claim that agreements by which the title was obtained were verbal, and, therefore, void under that statute. The statute of frauds was never intended for the protection of fraud.

2. *Equity — Injunction — Landlords — Summons before justice of the peace, etc.*—Injunction will lie against proceedings before a court of justice, on a landlord's warrant, where the equitable title to the premises is being tried between the same parties, at the same time, in another court. One of the offices of an injunction is to prevent a multiplicity of suits, where the whole question can be decided in a single proceeding.

*Error to St. Louis Circuit Court.*

*Lubke & Player*, for plaintiff in error.

*W. C. Jones* and *J. D. Johnson*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding in equity for an injunction to restrain the plaintiff in error from prosecuting a suit for rent and possession against the defendant in error, and from collecting rent of defendant in error for the real estate in controversy. From the

petition and answer it appears that Damschroeder on the 8th day of March, 1859, acquired the fee-simple title to a lot of ground situated on Eleventh street, in the city of St. Louis; that afterwards on the 10th of June, 1859, he executed and delivered to Thias, the plaintiff in error, a deed of trust upon this lot of ground, securing to him the payment of four notes, amounting in the aggregate to $2,040, the last maturing one of these notes being for $1,785, and being payable two years after the date of the deed of trust; that one August Reipschlaeger, the then business partner of Thias, was the trustee in this deed of trust, and by the deed of trust was given power to sell at auction the lot of ground, upon due advertisement in default of the payment of the notes.    On the 15th of May, 1862, Reipschlaeger advertised the property for sale to pay the note for $1,785, which was then past due and unpaid, and on the 15th of July, 1862, he made the sale and Thias, the plaintiff in error, became the purchaser of it at the sum of $1,700, and the trustee conveyed the lot to him in fee simple.    The petition then alleges that on the 15th day of July, 1862, before the trustee's sale had taken place, a contract and agreement was entered into between Damschroeder and Thias, in the presence of Reipschlaeger and others to the effect that no sale should be made under the deed of trust if Damschroeder would pay to certain parties named Brotherton & Sturgeon $500, and would also pay $85 on account of the note held by Thias; and that thereupon Thias agreed to extend the payment of the remaining $1,700 as long as the plaintiff should continue to pay interest thereon; that notwithstanding this agreement, and in violation thereof, and in the absence of the defendant in error, and while he was thrown of his guard, the plaintiff in error, Thias, procured the sale to be made by which he acquired title to the lot of ground.    It is further averred in the usual terms that this conduct of the plaintiff in error was fraudulent, and intended to cheat defendant in error out of the property, which the petition claims to have been worth fully $5,000.    The petition then alleges that after the sale the plaintiff in error presented to the defendant in error a claim for rent for the premises, and that defendant in error then attorned to plaintiff in error, as his tenant of said lot,

upon plaintiff—in—error's representation that he had caused the property to be sold only for the purpose of settling all questions or disputes as to the title of the property, and that he, the plaintiff in error, did not wish to retain it, but would reconvey it to defendant in error as soon as plaintiff in error was paid by way of rent the full amount of his claim, and interest ; that in consequence of this representation, which it is not stated was in writing, defendant in error has paid to plaintiff in error, at various times, rents exceeding the sum of $3,194, which is in excess of plaintiff in error's claim. All of the material averments in the bill were denied in the answer.

The petition further charges, and the answer admits, that on the 1st of April, 1871, defendant in error filed in the St. Louis Circuit Court, against plaintiff in error, a petition in equity to set aside the sale of said property to plaintiff in error, on the grounds set forth in the petition, and for other reasons not in the petition in this case specified, for a decree vesting the title in the plaintiff therein, and for an account, and alleges that this suit is pending and undetermined ; that after the filing of said petition, and on the 4th of April, 1871, plaintiff in error filed with a justice of the peace of St. Louis county an affidavit for a landlord's summons, seeking to recover $40 rent for said premises for the month of March, 1871, and the possession of said premises should the defendant in error fail to pay his rent before judgment. The petition also states that inasmuch as defendant in error could not set up his equitable claim to said property in the suit before the justice of the peace, he was remediless, and unless plaintiff in error was restrained from prosecuting that suit, great and irreparable damage would be done to him.

There is no allegation in the petition of insolvency on the part of the plaintiff in error.

A temporary injunction was granted when the petition was filed, but when the answer came in, on motion of the plaintiff in error, it was dissolved by the court at Special Term. The cause was then taken to the General Term, where the ruling of the court at Special Term was reversed, and the temporary injunction reinstated. The case now comes here by writ of error, to reverse the

decision of the General Term and affirm the ruling of the Special Term. Three grounds are urged in this court to procure a reversal: first, that the contract between the parties, if any, being merely verbal, was void by the statute of frauds; secondly, that the statute of limitations constituted a good defense; and thirdly, that injunction was not the proper remedy.

If the matter stated in the bill be true, then Thias, the plaintiff in error, acquired the title fraudulently, and induced the defendant in error to attorn to him by the same means, and he holds the legal title in such a manner as would authorize a court of equity to declare him a trustee. It is well settled that frauds and trusts are not within the statute of frauds. This is the general principle and has been the uniform ruling of this court. In the case of Rose v. Bates, 12 Mo. 30, Mrs. Rose held a mortgage upon property which was about to be sold to satisfy an execution having priority over the mortgage in favor of Bates. Before the sale a verbal contract was made between them that Bates should purchase the property, and, upon the payment of the amount of the execution and certain rents, he should convey it to Mrs. Rose. Bates purchased the property, and when Mrs. Rose tendered him the money he refused to comply with his agreement, and relied upon the statute of frauds as a defense to protect him. But it was decided that he was not protected by the statute of frauds; that the statute was never designed to aid a party in committing a fraud, but was intended to prevent frauds, and consequently could not be invoked to aid the defendant. In Groves' Heirs v. Fulsome et al., 16 Mo. 543, Groves entered a tract of land, and finding the wife of Fulsome in possession without any claim of pre-emption, paid her for yielding up possession to him. Subsequently she obtained a patent for the land from the government, under color of a right of pre-emption, and it was declared that she held the title thus acquired for the benefit of Groves, and that she could not rely on the statute of frauds. It is tersely said in the judgment: " It is obvious that the statute of frauds has no application in this cause. That statute has never been perverted to the protection of frauds. It is well settled that frauds and trusts are not within the provisions of the statute."

In affirmance of these views and illustrating the same principle, see the case of Peacock v. Nelson, 50 Mo. 256. The statute of limitations was no obstacle to the maintenance of the plaintiff's suit. Without adverting to the distinction that has been taken as to the meaning of the statute between the cases of express trusts and those which were merely implied or constructive, it is sufficient to say that the suit was for the recovery of lands, and no period short of ten years will be a bar in such a case. (Wagn. Stat. 915, § 1.)

The next question is whether injunction will lie in a case of this kind. An injunction cannot be maintained where the party has an adequate remedy at law, or where the injury complained of will not work irreparable mischief. Where the defendant is solvent and the damages are susceptible of adjustment and compensation, there is no necessity for appealing to the interposition of equity by injunction. (James v. Dixon, 20 Mo. 79 ; Burgess v. Kattleman, 41 Mo. 480 ; Weigel v. Walsh, 45 Mo. 560 ; Anderson v. St. Louis, 47 Mo. 479.) But, as a general rule, whenever, by accident or mistake or fraud, or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily make that court an instrument of injustice, and it is therefore against conscience that he should use that advantage, a court of equity will interfere and restrain him from using the advantage which he has thus improperly gained. (2 Sto. Eq. Jur., § 885 ; Daniels' Ch. Pr. 1725 ; Dale v. Roosevelt, 5 Johns. Ch. 174 ; Matter of Merritt, 5 Paige, 125 ; Miller v. McCan, 7 Conn. 457; How v. Mortell, 28 Ill. 478 ; Atlantic Delaine Co. v. Frederick, 5 R. I. 171 ; Ferguson v. Fisk, 28 Conn. 511 ; Weed v. Grant, 30 Conn. 74 ; Dehon v. Foster, 4 Allen, 545 ; Davis v. Hoppes, 33 Miss. 173.) Under this rule, courts of equity issue injunctions against proceedings in another court as an auxiliary writ to restrain parties from litigation before the ordinary tribunals, where equitable elements are involved in the dispute, as, for example, to restrain an ejectment by a trustee against his *cestui que trust*, or by a vendor, bound to speccific performance, against the purchaser. (Adams' Eq. 194.)

Damschroeder v. Thias.

In our general practice these principles are modified by the code, as now the equitable matter may be set up in defense in the tribunal where the proceeding is instituted. But in the present case, while the equitable title to the land was being tried and the suit was pending in court, the party resorts to an unfair advantage in a court where the defendant could not avail himself of his rights.

Suppose the defendant in error should be turned out of possession under the landlord and tenant act, and afterwards, when the suit in the Circuit Court was determined, it should be adjudged that he had the title and the premises were rightfully his, he might then have to commence another action to regain possession. One of the offices of an injunction is to prevent a multiplicity of suits where the whole question can be decided by one and the same proceeding. It is, moreover, doubtful whether, if the party were turned out of possession and the premises were afterwards adjudged to him, and he should be compelled to institute an action for their recovery, the law would afford him complete and adequate compensation. Under all the circumstances I think it is a proper case for an injunction, and am in favor of affirming the judgment.

Judgment affirmed. The other judges concur.