## W. B. KITHCART V. W. M. LARIMORE.

[FILED MARCH 23, 1892.]

Deeds: FRAUD: UNDUE INFLUENCE. Upon the facts stated, *held,* that the deed for the plaintiff's land was obtained by fraudulent professions of friendship and undue influence, and the judgment of the court below, setting it aside, was right.

ERROR to the district court for Hitchcock county. Tried below before COCHRAN, J.

*Moore & Hart,* for plaintiff in error, cited: *Tilden v. Streeter,* 45 Mich., 533; *Hale v. Cole,* 8 S. E. Rep. [W. Va.], 516; Pomeroy's Eq. Jur., sec. 866; *Perkins v. Lougee,* 6 Neb., 220; *Hansen v. Berthelsen,* 19 Id., 440; *Courvoirsier v. Bouvier,* 3 Id., 55; *Tatge v. Tatge,* 26 N. W. Rep. [Minn.], 121; *McClain v. McClain,* 10 N. W. Rep. [Ia.], 333; *Dyar v. Walton,* 7 S. E. Rep. [Ga.], 220; *Barr v. O'Donnell,* 18 Pac. Rep. [Cal.], 429; *Finlayson v. Finlayson,* 21 Pac. Rep. [Ore.], 57; *Feeney v. Howard,* Id., 984; Perry, Trusts, sec. 215; *McVay v. McVay,* 10 Atl. Rep. [N. J.], 178; *O'Brien v. Gaslin,* 20 Neb., 351; *Shafter v. Huntington,* 19 N. W. Rep. [Mich.], 11.

*J. Byron Jennings (J. E. Cochran* with him), *contra,* cited: *Courvoirsier v. Bouvier,* 3 Neb., 51; *Falsken v. Harkendorf,* 11 Id., 82; *Bartlett v. Bartlett,* 15 Id., 593; *Hansen v. Berthelson* 19 Id., 433; *Hartman v. Streitz,* 17 Id., 557; *Mathew v. Leaman,* 24 O. St., 615; *Harvey v. Gardner,* 41 Id., 642; *Catalani v. Catalani,* 24 N. E. Rep. [Ind.], 375.

MAXWELL, CH. J.

The plaintiff's cause of action is set forth in the amended petition as follows:

"That he has the legal title to and is in the quiet and undisturbed possession of the following described real estate, to-wit, the southwest quarter of section 20, township 4 north, of range 35 west, in Hitchcock county, Nebraska; that on the 3d day of January, 1888, the plaintiff and one Josephine Larimore were husband and wife, and owing to divers and sundry domestic troubles they mutually agreed to separate and divide their property between them; that plaintiff and his said wife were advised by C. C. Vennum, Esq., a reputable attorney, that they could not pass a perfect title by deeding their real estate from each to the other; that in order to make the title perfect, the law required that the husband and wife should join in a deed to some third party, which third party could then deed to each separately, thereby conveying to each a perfect title to the portion of their said real estate which by virtue of said separation and agreement, each was entitled to, all of which said advice and counsel plaintiff and his said wife believed to be the law of this state; that plaintiff and his said wife had known defendant for several years; that defendant had lived a near neighbor to them during this time; that they, the plaintiff and his wife and the defendant had, during all this time, been on the most intimate terms and were confidential friends; that the defendant was present and heard the advice of the said C. C. Vennum as above and offered to act as said third party, claiming and pretending to be a friend to plaintiff and his said wife; that by reason of said intimate friendship and confidential relationship, and the defendant claiming and pretending to be a friend to them, and believing the same to be true, and relying thereon, the plaintiff and his said wife were induced to, and did, thereupon join in a deed of conveyance of all their real estate to said defendant, in which the land above described was included, the said defendant agreeing at said time to reconvey said land to the plaintiff, the same being that portion of the real estate which by the terms of said separation

and agreement between plaintiff and his said wife, plaintiff was entitled to; that plaintiff and his said wife believed the defendant to be an honest and worthy man, and reposed in him their utmost confidence, and would not have conveyed said land to him but for said intimate friendship and confidential relationship and the pretenses that the defendant was a friend to them ; all of which were false, and fraudulently made with the intent of the defendant to cheat and defraud the plaintiff out of said land.

"That the said deed from plaintiff and his said wife to said defendant was without any consideration whatever, and was made and delivered to said defendant under the above circumstances and for the sole and only purpose as above set forth; that at the time of making said deed the said plaintiff and his said wife were not indebted to any person or persons whomsoever and had no creditors and are not now indebted to any person or persons ; that the defendant immediately upon the delivery of said deed had the same recorded in said county, and has ever since the delivery thereof, and does now refuse to reconvey said land to this plaintiff, though often requested to do so by plaintiff herein, and that said defendant fraudulently claims title to said land by virtue of said deed and is offering to sell the same and appropriate the proceeds thereof to his own use and benefit, and thereby fraduently cheat and defraud plaintiff out of the same; that the plaintiff is now owner in fee simple of said land by virtue of a patent thereto from the government of the United States, and is now and has been for several years in the quiet and undisturbed peaceable possession thereof; that the defendant has never at any time been in actual or constructive possession of the same, or any part thereof; that said deed is a cloud upon plaintiff's title to said land and greatly depreciates the value of the same.

"The plaintiff therefore prays that the said deed from plaintiff and his said wife to said defendant be declared null and void and the record thereof be canceled, that the

cloud upon plaintiff's title caused thereby be removed, and the title to said land be quieted and confirmed in the plaintiff, and for such other and further relief as justice and equity may require."

A demurrer was filed to this petition, which was either withdrawn or not acted upon, as we find no ruling thereon in the record.

The defendant in his answer admits the execution of the deed in question, but pleads as a defense the statute of frauds, and also that he paid a valuable consideration for the land, and that after obtaining the title he placed a mortgage thereon for $400, with interest for the period of five years. He also alleges that the plaintiff has unlawfully retained posession of said land ever since the 3d day of January, 1888, for which he claims damages.

The reply is a general denial, except as to the loan.

On the trial of the cause in the court below, the court found the issues in favor of the plaintiff. "That plaintiff has the legal title to, and is in the quiet and undisturbed peaceable possession of, the land mentioned in said petition; that the deed made January 3, 1888, by plaintiff and Josephine Larimore to defendant was without consideration; that the same was fraudulently obtained by defendant from plaintiff and Josephine Larimore by reason of influence acquired and abused, confidence reposed and betrayed, and that the same is a cloud upon the title of the plaintiff.

"The court further finds that subsequent to the making of said deed, and prior to the commencement of this action, the defendant at the request of the plaintiff placed a mortgage on said land for the sum of $400; that the same is a valid and a subsisting first lien against said land for the sum of $560, principal and interest." A judgment was thereupon rendered in behalf of plaintiff.

There are certain special findings in the record which need not be noticed.

The testimony tends to show that the plaintiff and de-

fendant were neighbors, and prior to the transaction in question on very intimate terms. It is evident that the defendant below had up to the time of the execution of the deed in question made such professions of friendship, both by word and action, as to lead both the plaintiff and his wife to believe that he was their firm friend and the friend of each. It also appears that for about two weeks before the date of the deed the plaintiff's wife had left home and was staying with some of the neighbors; that a part of the time she had been stopping at the house of the defendant; that the wife was clamoring for a division of the plaintiff's property with her, evidently with the intention of a permanent separation. So far as we can judge the plaintiff did not want his wife to go away, but as she seemed determined to do so he seems to have been willing to make a fair division of the property with her. On the day in which the deed in question was executed the plaintiff and defendant started to drive to Stratton, a village about fourteen miles distant, and either by accident or design the plaintiff's wife with another lady met them on the way and all the parties went to Stratton. The plaintiff's wife was insisting upon a division of the property, and to have the business closed up as soon as possible, and the defendant seems to have been anxious to further the business as rapidly as it could be done. Among other things that he did in furtherance of his professed friendship, he called upon Mr. Vennum, a banker and lawyer at Stratton, and stated in substance that there was a difficulty between the plaintiff and his wife, and that they wished to divide the husband's property between them, and asked for advice in the premises. The wife seemed anxious to have the division completed on that day, and some time during the afternoon the plaintiff and his wife, at the defendant's suggestion, went into the office of Mr. Vennum and asked for advice as to the proper mode of dividing the property. Mr. Vennum stated that it would be necessary

to make a conveyance to a third party, who would after-
wards convey to the husband and wife the respective shares
agreed upon, and he suggested the defendant as a friend of
both parties, and a suitable person through whom to make
the transfers. The defendant was present and promised,
if the transfers were made to him, to reconvey as directed.
The plaintiff did not want to complete the transfers that
night, but was finally persuaded to do so by his wife and
the defendant, the deeds being acknowledged before Mr.
——, who was a notary public. The wife of the plaintiff
returned to the residence of the defendant. She testifies
that the defendant stated to her that he would convey the
property which was agreed she should have, but would not
convey to the plaintiff. Shortly after this the defendant
was requested by the plaintiff to effect a loan upon this
land for the sum of $300. The defendant did effect a loan
for $400, of which sum he paid $100 to the plaintiff's
wife in pursuance of the agreement, and $200 to the
plaintiff. The remaining $100 he retained. About the
time the loan was obtained the defendant endeavored to
have the plaintiff sign a statement that the transfer to
him was a *bona fide* sale, his pretext for such request being
that, by executing a mortgage on the land as owner, he was
in danger of getting into a tight place. The plaintiff,
however, refused to execute such instrument.

It also appears that the plaintiff and his wife were after-
wards divorced, but at whose suit does not appear, and
that question is not involved in the case. The defendant,
although present in court, was not a witness in the case.
It is clearly shown that by his profession of friendship to
both the plaintiff and his wife, and by his officious inter-
ference in the case, they were induced to make the convey-
ances to him, and there is testimony tending to show that
he received the deed with the intent to cheat the plaintiff.
(*Hansen v. Berthelson,* 19 Neb., 433; *Hartman v. Streitz,*
17 Id., 557; *Bartlett v. Bartlett,* 15 Id., 593.)

In *Catalani v. Catalani*, 24 N. E. Rep. [Ind.], 375, a deed was executed to the defendant in reliance on his verbal promise to reconvey to her after her marriage with one C. The previous relations between C. and the defendant had been very confidential, and he induced her to make the conveyance with the intention of cheating her, and after her marriage, refused to reconvey (a case similar in some of its features to the one at bar). The court below said "that it was not honest to keep the land, and that the statute of frauds did not apply," and this ruling was approved by the supreme court. A similar ruling was made by the supreme court of Missouri in *Damschroeder v. Thias*, 51 Mo., 100. Undue influence may be exercised either by words or acts, or both. Thus in *Hansen v. Berthelson*, 19 Neb., 433, the defendant had acquired great influence over her uncle, and by professing a warm interest in his welfare induced him to convey the homestead to her. The court set the deed aside but compelled the land-owner to repay $1,000 with interest, which the defendant had received on the land. In the case at bar the testimony does not show the defendant in a very flattering light. The plaintiff has remained in possession of the land from the first and is in fact the owner. The deed to the defendant is a cloud upon such title, as found by the court below, and it is evident that the judgment is responsive to the testimony. The judgment is right, and is therefore

AFFIRMED.

THE other judges concur.