HERRON, RECEIVER OF THE SAVINGS BANK OF INDIANA *v.*
VANCE and Others.

Nov. Term,
1861.

HERRON
v.
VANCE.

All corporations organized under the provisions of the act of *June* 15, 1852,
establishing general provisions respecting corporations, (1 R. S. 1852,
p. 239,) are considered as in being for three years after they shall have
ceased, legally, to exist, for the purpose of their organization, in order
that the affairs of such corporation may be properly closed up, if neces-
sary, by suits to be conducted in the name of the defunct body.

As corporations might be organized under the act of *June* 15, 1852, *supra*,
of such a character as to fall within the class of "moneyed corporations,"
as intended by § 28 of the act to regulate the business of general bank-
ing, (1 R. S. 1852, p. 159,) it appears to follow that so far as proceedings
to dissolve corporations for banking purposes, and the appointment and
duties of a receiver are governed at all by special statute, the act estab-
lishing general provisions respecting corporations, (1 R. S. 1852, p. 239,)
should maintain.

*Quære:* Whether, in view of these statutes, any averments could be made
in a complaint showing authority to prosecute or defend suits within
three years, in the name of a receiver, or in any name other than that of
the corporation.

The liability of each stockholder for the shares of stock subscribed by him,
is several, and not joint with the other subscribers; and hence, a joint
suit for the collection of the amounts due upon subscription will not lie;
but where there is an averment of the insolvency of the corporation, and
a prayer for a settlement of its affairs, all the stockholders may be joined
in one suit, under an order of the proper court to that effect, so as to ad-
just the whole affairs of the corporation, and determine their respective
rights and liabilities, and cross equities.

The complaint should, in such case, be accompanied by a copy of the arti-
cles of association of the bank, and should contain proper averments of
the liability of each person whose signature appears thereto.

APPEAL from the *Fayette* Common Pleas.

Thursday,
February 6.

HANNA, J.—The appellant was the plaintiff below. A
demurrer was sustained to his complaint, which is the only
error complained of.

It was averred in the complaint that the *Savings Bank
of Indiana* was organized under the act of *May* 28, 1852,
1 R. S. 1852; and that on *December* 25, 1856, the appellees
were owners and stockholders of the capital stock of said
bank, and were, each in his own right, shareholders of said

banking association, and held the number of shares respectively, &c., as set forth in a schedule therewith filed, containing a list of the names of the stockholders, the number of shares, &c., and a copy of the by-law under which they were subscribed.

It is further averred that certain of said defendants, named, were the original stockholders at the organization, &c., to the requisite amount of fifty thousand dollars, all of which remains unpaid; that in 1857 said association became insolvent, their notes protested, their securities sold by the auditor of State, and applied *pro rata* to the payment of said circulation to the amount of sixty-two cents to the dollar, leaving unpaid thirty-eight cents to the dollar; that the debts owing by said association amount to ten thousand dollars, and judgments against the same to five thousand, making, together, fifteen thousand dollars; and that the assets amount to not over three hundred dollars, which have come to the hands of said plaintiff.

That said stockholders have failed to pay off their stock; that to pay said debts it will require the whole amount due on said stock; and an amount from each stockholder, in addition, equal to the amount of stock held by each subscriber. That the auditor of State had failed to institute any proceedings for the redemption of the balance of said circulating medium. Prayer, that the affairs of said bank should be settled, and said stockholders compelled to pay the balance due on their stock, and such other sum as might be necessary, not exceeding, &c., so as to enable plaintiff to pay said debts, &c.

The demurrer assigned for cause of objection, that plaintiff had no capacity to sue; that there was a defect of parties defendant; that causes of action were improperly united; that the complaint does not state facts sufficient.

The general act, under which the banking association was organized, does not provide for the appointment of a receiver, otherwise than when it "shall violate any of the provisions of this act, such associations may be proceeded against and dissolved by the court, on application by the auditor, or any creditor thereof, in the same manner as any moneyed

corporation may be proceeded against and dissolved." § 28.
By another statute, 2 R. S., p. 198, provision is made for pro-
ceedings against corporations that may do or omit acts which
"amount to a surrender or forfeiture of their rights and privi-
leges as a corporation," and if judgment be rendered against
any corporation, the "Court shall restrain the corporation,
appoint a receiver of its property and effects, take an account,
and make a distribution thereof among the creditors." An
act in relation to receivers provides, among other things,
that a receiver may be appointed by the Court "when a
corporation has been dissolved, or is insolvent, or is in immi-
nent danger of insolvency, or has forfeited its corporate
rights," and that he may, under the control of the Court,
bring and defend actions, collect debts, &c., 2 R. S., §§ 199,
205, p. 73, "and, generally, do such acts as the Court may
authorize. *Id.*

The first question presented is as to the right of *Herron*
to sue in his own name. In the complaint he represents
himself to be a receiver, but does not disclose by what au-
thority he became such; nor, if appointed under these stat-
utes, what acts the Court had authorized him to perform;
whether he had been directed to sue for unpaid subscriptions
of stock. It appears that, formerly, he would not have been
authorized to sue in such an instance, that is, if regarded as
a mere receiver in chancery. *Ingersoll* v. *Cooper*, 5 Blackf.
427; 2 St. Eq., § 833; *Mann* v. *Pentz*, 3 Comst. 423; Ed-
wards on Receivers, p. 3. The question, therefore, is,
whether these statutes confer authority to sue in this case in
the name of the receiver, and if so, whether enough is shown
in the complaint? In this connection it may throw some
light, in giving the proper construction, to notice the twelfth
section of an act establishing general provisions respecting
corporations, 1 R. S., p. 239, that provides where the charter
of a corporation shall expire, that within three years the
proper court shall, on application, &c., appoint a receiver, or
trustee, to take charge of the estate, effects, &c., "with power
to prosecute and defend, in the name of the corporation or
otherwise, all suits, &c." And the sixth section of the
same act continues, as bodies corporate for three years, all

corporations whose "charters shall expire by limitation, forfeiture, or otherwise," to enable them to prosecute and defend suits, settle, &c.

Taking these two sections together, it is apparent that all corporations organized under the provisions of that act, are, for certain purposes, considered as in being for three years after they shall have ceased to legally exist for the purpose of their organization; that is, that the affairs of said corporation may be properly closed up, if necessary, by suits to be conducted in the name of the defunct body, which the law makers appear, perhaps correctly, to have thought could not be done without an act upon the subject.

As corporations might be organized, under this act, of such a character as to fall within the class of "moneyed corporations" referred to in the statute first herein cited, it would appear to follow that, so far as proceedings to dissolve corporations for banking purposes, and the appointment and duties of a receiver, are governed at all by special statutes, the one quoted, on the subject of general provisions respecting corporations, shall maintain.

From this conclusion, it would appear to be clear that without averments, other than those contained in the complaint, the suit should be in the name of the corporation for debts, &c. due it, and not in the name of a person who merely styles himself a receiver, without showing special authority to sue. It is not necessary, nor do we decide, whether or not, in view of these statutes, averments could be made showing authority, within the three years named, to prosecute or defend suits in any name other than that of the corporation.

This leaves the way clear for the discussion of the second question, which is, as to the right of the receiver, or the corporation, if its name should be substituted, to maintain an action against stockholders for a sum, over and above the amount of their stock, equal to the shares of stock held by each. But, preliminary to the discussion of the right to sue, we might notice that the complaint does not make a case in which that right should be exercised, if it exists. The

debts, &c. of the corporation are stated at fifteen thousand dollars; the stock subscribed, at fifty-eight thousand five hundred dollars, accompanied with an averment that said subscriptions remain wholly unpaid.

Without stopping to consider what effect this averment, if true, would have upon the organization of the corporation, we think it is clear that if the debts and the amount due on subscription are as stated, then there is no necessity shown for a resort to any sum beyond that so due; indeed the reverse is shown. Therefore, the complaint, in that respect, was bad conceding the right to sue, as to which we are of opinion that he might, perhaps, if the order of the Court by which the receiver was appointed, and his "acts authorized," had directed him to take an account of the assets, &c., and if found insufficient to pay the debts, &c., then to sue for unpaid parts of capital stock, and report to the Court the condition, &c. of the affairs of the corporation and the names of stockholders and amounts held by each. The Court could then, perhaps, direct such proceedings as would determine the contributive share of each stockholder necessary to pay said debts, &c. But it is not absolutely necessary, in this case, and therefore we would not be understood as deciding these questions. In *New York*, from which, to a great extent, we derive our free bank system, all these points are regulated by statutory provisions; and the numerous adjudications in reference thereto do not give us much light.

The next inquiry is as to the propriety of joining all the stockholders in one suit. So far as the liability exists, of each, for shares of stock, it is several and not joint. A subscriber for one share can not be held for the payment of the fifty shares of another. Therefore, for the mere collection of the amount due on subscriptions, the suit was wrong, as against all; but as there is an averment of insolvency, and prayer for a settlement of the affairs of the institution, we are of opinion that, under an order of the proper court to that effect, all the stockholders might be made parties so as to adjust the whole affairs of the institution and determine their respective rights, liabilities, and cross equities; especially as the stock and other property of the corporation is

Nov. Term,
1861.

deemed a trust fund for the payment of its debts. 2 St. Eq., §1252.

The statute authorized any number of persons to associate so as to avail themselves of the provisions of said act, §17, and required them under their hands and seals to make a certificate specifying certain things, §18, among which are the name, the amount of capital stock, the location, and time of commencement, of said association; and names and place of residence of shareholders and number of shares by each held. Which certificate was to be filed in .the clerk's office of the county, and in the office of the secretary of State, and the same, or copies, should be used as evidence for or against, &c. §19.

It is insisted that the suit should have been founded upon this certificate, or articles of association, as named in another part of the act, §27, subdivision 11, and that the same should have been filed with the complaint.

We think, without doubt, this should have been done, accompanied by proper averments of the liability of each person whose signature appeared thereto, by virtue of the contract. If any special reasons existed for attempting to make others liable, whose names did not appear thereto, they should be shown, together with the excuse for their not so appearing, that the Court might determine as to their legal liability.

*Per Curiam.*—The judgment is affirmed, with costs.

*John S. Reid,* for the appellant.

*James C. McIntosh, C. B. Smith, Geo. Holland* and *Wilson & Newkirk,* for the appellees.