## SUPREME COURT.

HENRY H. COOPE, receiver agt. CHARLES S. P. BOWLES AND OTHERS.

A *receiver* in general is not clothed with any right to maintain an action which the parties or the estate which he represents could not maintain. He must show a cause of action existing in those parties, and that by the appointment of the court, lawfully made in a matter where the court had jurisdiction, the power has been conferred on him in his representative capacity as receiver, to prosecute the action.

Where a receiver brings an action to set aside an assignment for the benefit of creditors as void, it is not enough to allege in his complaint that he was appointed receiver in supplementary proceedings. The judgment and other facts necessary to maintain supplementary proceedings must be stated. He must state the equity of the parties whose rights under the order of the court appointing him he represents, to maintain such an action.

An assignment for the benefit of creditors made by a *partnership firm*, a part of whom are absent from the state, cannot be supported unless due authority for its execution by the absent members, or its subsequent ratification by them is proven.

*New York General Term, June,* 1864.

*Before* LEONARD, *P. J.*, CLERKE *and* BARNARD, *Justices.*

APPEAL by defendants from a judgment at special term, declaring void an assignment for the benefit of creditors, made by the defendants—a partnership firm.

OSBORN E. BRIGHT, *for appellants.*
W. W. GOODRICH, *for respondent.*

By the court, LEONARD, P. J. Neither the statements of the complaint, nor the evidence adduced at the trial, gives the court jurisdiction to declare the assignment from De Agreda, Jove & Co., to Charles S. P. Bowles, void, or to set it aside. No authority is stated in the complaint or proven in the case, which will authorize the court to direct

a receiver to prosecute an action for such a purpose. It is alleged that the receiver was appointed in supplementary proceedings. That is not enough. The judgment and other facts necessary to maintain supplementary proceedings are wanting. A simple contract creditor cannot maintain an action to set aside an assignment for the benefit of creditors. Receivers are appointed by the court with the like powers with the plaintiff in this case in various other kinds of actions, as in actions between partners, &c., but the receiver must state in his complaint the equity of the party whose rights, under the order of the court appointing him he represents, to maintain the action which he here attempts to prosecute. A receiver in general is not clothed with any right to maintain an action which the parties or the estate which he represents could not maintain. He must show a cause of action existing in those parties, and that by the appointment of the court lawfully made, in a matter where the court had jurisdiction, the power has been conferred on him, in his representative capacity as receiver, to prosecute the action.

The complaint and the proofs are wholly defective in these particulars. The judgment has not cured it.

The assignment was declared void because it was not executed by all the members of the firm personally. The firm consisted of four members. Two were here and executed for themselves, and also as attorneys for the others, who were absent from the state. I think it was sufficiently proven that De Agreda held a power of attorney from one of the absent members, Mr. Jove, authorizing him to do any act in connection with the business of the firm in his discretion. The proof was entirely defective in showing a sufficient power of attorney from the other absent member, Mr. Ponte. The evidence of ratification as to Ponte, is also insufficient; but as to Mr. Jove, there can be no doubt that he was satisfied with the act of his partners here, and ratified it. It is not necessary to pursue the examination

of the facts found by the referee, or his conclusions of law, unless it be as a guide to the court in this case, should there be any future trial. It must be conceded that the assignment cannot be supported unless due authority for its execution by the absent members of the firm, or its subsequent ratification is proven.

Whatever moneys of the estate were paid for expenses, or to creditors under the assignment, in good faith, before the commencement of this action, should be allowed to the assignee, if the assignment should finally be held invalid. Payments to himself, or to his own firm would not come within this principle.

The referee, it appears, settled the decree and directed its entry by the clerk, but no judge of the court has directed the entry of judgment. The question is one of regularity merely, and is not a ground of reversal on appeal from the judgment. The question can properly arise only on a practice motion at special term to set it aside for irregularity. The powers of the referee to hear and decide are terminated when he has made his report, with the exception that he can settle the form of the case, and the findings of fact and conclusions of law.

The judgment should be reversed and a new trial ordered, with costs of the appeal to the appellants, with leave to the respondent to apply at special term to amend his complaint.