## GRIESEL v. SCHMAL, RECEIVER.

PLEADING.—*Complaint.*—*Motion in Arrest.*—*Action by a Receiver.*—In an action by an alleged receiver, the complaint averred an indebtedness by the defendant to the plaintiff, and that the plaintiff was the duly appointed receiver of a certain person, named, and authorized to sue for and collect the debts of the latter; but there was no averment as to when, or by what, if any, court such receivership had been decreed.

*Held*, on motion in arrest, no demurrer having been filed thereto, that the complaint is sufficient.

QUERY.—Whether proof of indebtedness to plaintiff's alleged insolvent could be admitted under such complaint.

BILL OF EXCEPTIONS.—*New Trial.*—*Supreme Court.*—*Practice.*—Questions arising upon the motion for a new trial of a cause can not be presented to the supreme court, by a bill of exceptions filed, without leave of court, beyond the term at which such motion was acted upon.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellant.

*E. C. Field, T. J. Merrifield* and *S. E. Perkins, Jr.,* for appellee.

BIDDLE, J.—Complaint by appellee, against appellant, as follows:

"The plaintiff complains of the defendant and says, that he is the duly appointed receiver of the late firm of Krost & Horst, brewers, in Crown Point, Indiana, consisting of John Krost and Joseph Horst; that he was authorized and directed to sue and collect the debts due the said firm. That the defendant herein is indebted to said plaintiff," etc. The remaining part of the complaint is in the usual form of a common count for money had and received.

Answer and reply. No question below was made on the pleadings. Trial by jury; verdict for appellee; motion for a new trial; overruled; exceptions; motion in arrest of judgment; overruled; exceptions; judgment on the verdict; appeal.

Six assignments of error are alleged in this court, but only three of them are properly based upon questions

raised in the record; 3, overruling the motion for a new trial; 4, overruling motion in arrest of judgment; and 6, "that the complaint does not state facts sufficient to constitute a cause of action."

The sufficiency of the complaint is the main question discussed by the parties. It is alleged against it that it "does not show how, when, where, or by what court he," the appellee, "was appointed receiver; whether by a court in Indiana, Illinois, or any other State;" and "fails to show any facts giving Adam Schmal a right to sue the appellant, as receiver." Whether the complaint could have withstood a demurrer, if it had been attacked by that method, is not a question before us; but many inaccuracies and omissions which would be fatal to a complaint, if advantage had been taken of them in an early stage of the proceedings, are cured by a verdict; *Gander* v. *The State ex rel.*, 50 Ind. 539; and a motion in arrest of judgment does not reach all the defects in a complaint which might be reached by a demurrer; *Spahr* v. *Nicklaus*, 51 Ind. 221; *The Toledo, etc., R. W. Co.* v. *Milligan*, 52 Ind. 505; *Harris* v. *Rivers*, 53 Ind. 216.

It is also objected to the complaint that it shows no indebtedness to Krost & Horst, but shows an indebtedness to the plaintiff. It surely can be no objection to a complaint, which can be reached by a demurrer, that it shows an indebtedness to the plaintiff. Whether proof of an indebtedness to Krost & Horst would sustain the complaint, is a question not presented.

We are of the opinion that the complaint is sufficient, at least where no objection is made to it until after verdict.

The appellant in his brief discusses, at great length, the insufficiency of the evidence to sustain the verdict. There is no such question before us. There is no such cause assigned in the motion for a new trial. The only causes assigned for a new trial are, "first, the verdict and finding of the jury" [are] "contrary to law; second, that there was misconduct of the jury as shown by affidavit."

This affidavit is nowhere and in no manner made a part of the record. The cause was tried at the November term, 1873; no time was given beyond the term to file a bill of exceptions; and none was filed, as far as the record shows, until the 4th day of February, 1875. Under the motion for a new trial there is no question whatever before us. *Krutz* v. *Craig*, 53 Ind. 561.

The judgment is affirmed, with costs.

Petition for a rehearing overruled at the May Term, 1877.