### GARVER v. KENT, RECEIVER.

RECEIVER.—*Parties.*—Unless the law of this State, or the order appointing him, authorizes a receiver to sue in his own name, he can sue only in the name of the person in whom the right of action existed before his appointment.

SAME.—*Receiver of Corporation.*—*Proceedings Supplementary to Execution.*—Section 16 of " An act establishing provisions respecting corporations," 1 R. S. 1876, p. 369, authorizing the appointment, and defining the powers and duties, of receivers of corporations, does not govern in the case of a receiver of a railroad company, appointed in proceedings supplementary to execution.

SAME.—*Power of Circuit Court* —By section 205, 2 R. S. 1876, p. 116, a circuit court has power to authorize receivers appointed by it to bring actions in their own names.

SAME.—*Complaint by.*— A complaint by a receiver appointed in proceedings supplementary to execution must aver that the court appointing such receiver authorized him to bring actions in his own name, in matters concerning his receivership.

From the Clinton Circuit Court.

*J. N. Sims*, for appellant.

*L. McClurg* and *J. V. Kent*, for appellee.

WORDEN, J.—Complaint by the appellee, against the appellant, as follows:

" James V. Kent, receiver of the property of the Toledo and St. Louis Air Line Railroad Company, as such receiver, complains of Jonathan A. Garver and John Fulkerson, and says, that on the — day of December, 1875, at said county, upon application made by John Fulkerson, a judgment creditor of said Toledo and St. Louis Air Line Railroad Company, in proceedings supplementary to execution, and by an order, determination and judgment of the Clinton Circuit Court, then and there made, said plaintiff was appointed by said court receiver of the property of said Toledo and St. Louis Air Line Railroad Company; and says, that on the 21st day of February, 1874, defendant, Jonathan A. Garver, executed to said railroad company his certain promissory note, in words and figures following, to wit:

"'February 21st, 1874.

"' One day after date I promise to pay to the order of John Fulkerson, negotiable and payable at Kirklin, Ind., eighty dollars, with interest at the rate of ten per cent. per annum after maturity, and with attorney's fees if suit be instituted on this note, value received, without any relief from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment and notice of protest and non-payment of this note.

(Signed)    "' JONATHAN A. GARVER.'

" Plaintiff further avers, that said note, when executed, was, and ever since has been, the property of said railroad company, and is a part of the property of which the plaintiff was appointed receiver as aforesaid, and that John Fulkerson, Jr., who is named in said note as the payee thereof, is not, and never was, the owner of said

note, but that the same was so drawn for convenience of said railroad company. Plaintiff avers, that fifteen dollars is a reasonable attorney's fee for the collection of said note ; that, including attorneys' fees, the same amounts to one hundred and ten dollars, which is due and unpaid. Plaintiff further asks that said John Fulkerson be made a party defendant herein, to answer as to his interest in said note. Wherefore he asks judgment for one hundred and ten dollars, and all other proper relief."

Fulkerson appeared, and disclaimed any interest in the note. Garver demurred to the complaint, for want of sufficient facts, but the demurrer was overruled, and he excepted. Such further proceedings were had as that final judgment was rendered for the plaintiff.

Error is assigned upon the ruling on the demurrer, and that the complaint does not state facts sufficient, etc.

The appellant makes the points, that the plaintiff can not maintain the action in his own name as receiver, but must sue in the name of the corporation for which he is receiver; and, second, that the facts stated in reference to the note are not sufficient to enable the corporation to maintain an action upon it.

The conclusion at which we have arrived upon the first point renders it unnecessary to examine the second.

We are not aware of any statute of this State that in terms authorizes a receiver to bring an action in his own name to recover debts due to the corporation or person for whom he is appointed as such receiver.

The 16th section of " An act establishing provisions respecting corporations," 1 R. S. 1876, pp. 369, 372, provides that, " Whenever any judgment against any corporation, other than banking, shall have remained unpaid for the space of one year after the rendition thereof, and execution thereon is not stayed by appeal or supersedeas, the circuit

court of the proper county shall have power to declare the franchise of such corporation forfeited, and appoint a receiver, who shall give bond, and reduce the assets of such corporation to possession, and pay the debts thereof, under the same rules prescribed for the government of administrators."

As, in such case, the receiver, in reducing the assets to possession, may proceed under the same rules prescribed for the government of administrators, it was held by this court, in the case of *Manlove* v. *Burger*, 38 Ind. 211, that he might sue in his own name.

The case here, in which the receiver was appointed, was one of proceedings supplementary to execution, and not within the statute above cited. But still the law seems to be, that, in the absence of any statute providing expressly therefor, the receiver may sue in his own name, where the court appointing him has authorized him to do so. See the case above cited.

It is said in High on Receivers, section 209, that "Some conflict of authority exists in the reported cases upon the question whether, in the absence of statutory authority, a receiver may institute and conduct actions in his own name, in matters concerning his receivership, or whether he must sue in the name of the original party in whose favor the action accrued. It is believed, however, that the weight of authority clearly supports the proposition, that the receiver must sue in the name of the person having the legal right, and that where neither the laws of the state nor the order of his appointment authorize him to proceed in his own name, he can only proceed in the name of the person in whom the right of action existed before the receiver's appointment."

The statute in force at the time these proceedings were had provided, that "The receiver shall have power, under the control of the court, to bring and defend actions, to

take and keep possession of the property, to receive rents, collect debts, and generally to do such acts respecting the property as the court may authorize." 2 R. S. 1876, p. 116, section 205. This section, with others, has been slightly amended by the act of March 31st, 1879. Acts 1879, p. 168.

The above section seems to be broad enough to enable the court appointing a receiver to authorize him to bring actions in his own name to collect debts, etc.

In the case before us, there is no averment in the complaint, that the court appointing the plaintiff as receiver authorized him to bring this or any action or actions in his own name, in matters concerning his receivership. The objection is fatal to the plaintiff's recovery, as the complaint states no facts showing a right of action in him.

In the case of *Griesel* v. *Schmal*, 55 Ind. 475, the point does not seem to have been made, that it did not appear by the complaint therein, that the court appointing the receiver had authorized him to sue in his own name.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.