## MILLER v. THE STATE, EX REL. BONNELL.

### No. 7370.

WEIGHT OF EVIDENCE.—*Supreme Court.*—*Bastardy.*

From the Dearborn Circuit Court.

*W. S. Holman*, for appellant.

WORDEN, J.—Prosecution for bastardy. Trial, verdict and judgment against the defendant.

The case is before us on the evidence, the only question being whether it was sufficient to sustain the verdict.

The testimony of the relatrix, taken by itself, was amply sufficient to sustain the verdict. But in some respects she was contradicted. There was much conflict in the evidence. Indeed, it may be said to be doubtful whether the relatrix really knew who was the father of her child. But the case is not one that justifies us in disturbing the verdict.

The judgment below is affirmed, with costs

NOTE.—Opinion filed at May term, 1880, but omitted by mistake.

---

## THE PITTSBURGH, CINCINNATI AND ST. LOUIS R. W. CO. v. LEW.

### No. 7818

From the M    n Superior Court.

*C. Baker, O. B. Hord* and *T. A. Hendricks*, for appellant.

*A. C. Harris*, for appellee.

NIBLACK, C. J.—George Flew sued the Pittsburgh, Cincinnati and St. Louis Railway Company, for injuries received while acting as engineer on the defendant's railway, and at special term of the court below obtained a verdict and judgment in his favor.

The cause was appealed to the general term, at which, for reasons duly assigned, the appeal was dismissed, and judgment rendered against the railway company for costs.

Error is assigned here upon the decision of the court at general term dismissing the appeal. No sufficient reason has, however, been shown for a reversal of the judgment, and we are unable to see any error in the record. The judgment at general term is affirmed, with costs.

---

## MORIARTY v. KENT, RECEIVER.

### No. 7004.

From the Clinton Circuit Court.

*J. N. Sims*, for appellant.

*L. McClurg* and *J. V. Kent*, for appellee.

ELLIOTT, J.—This case turns upon the question, whether the receiver of an insolvent corporation has any authority to sue in his own name upon promissory notes executed to the corporation, in cases where there is no authority conferred by statute or by the judgment of a court of competent jurisdiction. The question is answered in the negative in the case of *Garver* v. *Kent*, 70 Ind. 428. The decision in the case referred to is in full harmony with the current weight of authority.

Judgment reversed, at costs of appellee.