Filed June 4, 1884.

* * *

No. 10,555.

## KEEN v. BRECKENRIDGE, RECEIVER.

RECEIVER.—*Right to Sue.—Complaint.*—A complaint against a receiver as such, upon a money demand, which does not allege that leave to bring the suit has been granted by the proper court, is bad on demurrer.

From the Dearborn Circuit Court.

*R. E. Slater, F. Adkinson, A. W. Gaines* and *O. M. Wilson,* for appellant.

COLERICK, C.—The appellant filed a complaint against the appellee, in which it was averred that on the 24th day of June, 1879, and continuously thereafter until the 1st day of February, 1881, he and one Louisa R. Willette were

partners, doing business under the firm name and style of George W. Keen & Co.; that during all of said time said Louisa R. Willette was a married woman, and that said firm and all its business had been carried on as to her with her own capital, means and estate as her own separate trade and business; that on and during the dates mentioned he deposited with said firm various sums of money, amounting, in all, to $5,000; that the money so deposited was his property, and that by the terms of said co-partnership she was to furnish all the money or funds required to carry on said business; that the money so deposited was a loan by him to said firm, and was used in and about its business, and remained unpaid. A bill of particulars, showing the amounts of the money loaned, was filed with the complaint as a part thereof. Wherefore he prayed judgment against the appellee, as such receiver, for said sum, and other relief. To this complaint a demurrer was sustained, and thereupon the appellant filed two additional paragraphs of complaint, which were numbered two and three. The second paragraph was, in substance, the same as the first or original paragraph of the complaint, except that it alleged, in addition thereto, that said firm was, on the 1st day of February, 1881, dissolved by the mutual agreement of said partners, and from that time ceased to do business, and that the appellee, as such receiver, had in his hands all the property, rights, moneys, credits and effects of said firm, and demanded judgment against the appellee, as such receiver, for the amount of the money so loaned, viz., $5,000, to be paid by said receiver out of any moneys in his hands liable for its payment. The third paragraph was, in substance, the same as the second paragraph, except that it averred that no part of the money so loaned had gone to the individual use or benefit of said Louisa R. Willette, and that it had not been contributed or advanced to the firm as a part of the capital stock thereof, but had been loaned to the firm for its temporary use. The prayer for relief was the same as that set forth in the second paragraph. To both of these additional para-

graphs demurrers were sustained, and, the appellant refusing to amend, final judgment, on demurrer, was rendered against him. The errors assigned are the rulings upon said demurrers.

No brief has been filed by the appellee. We are informed by the appellant, in his brief, that the demurrers were sustained because the several paragraphs of the complaint, above set forth, failed to aver that the action was brought by leave of the court appointing the appellee such receiver.

In High on Receivers, section 254, it is said: "A receiver being an officer of the court, acting under its direction, and in all things subject to its authority, it is contrary to the established doctrine of courts of equity to permit him to be made a party defendant to litigation, unless by consent of the court. And it is in all cases necessary that a person desiring to bring suit against a receiver in his official capacity, should first obtain leave of the court by which he was appointed, since the courts will not permit the possession of their officers to be disturbed by suit or otherwise, without their consent and permission. The rule is established for the protection of receivers against unnecessary and expensive litigation." See, to same effect, *DeGroot* v. *Jay*, 30 Barb. 483; *Higgins* v. *Wright*, 43 Barb. 461; *Barton* v. *Barbour*, 3 MacArthur, 212 (36 Am. R. 104); *Barton* v. *Barbour*, 104 U. S. 126. The case of *Barton* v. *Barbour*, 3 MacArthur, 212, above cited, was an action against a receiver who pleaded, by way of answer, that no leave to sue had been obtained from the court which appointed him. The answer, upon demurrer, was held to be sufficient. On an appeal from this decision to the Supreme Court of the United States, it was held that the demurrer was properly sustained. See 104 U. S. 126. The court said: "A suit therefore, brought without leave to recover judgment against a receiver for a money demand, is virtually a suit the purpose of which is, and the effect of which may be, to take the property of the trust from his hands and apply it to the payment of the plaintiff's claim, without regard to the rights of other creditors or the

orders of the court which is administering the trust property. We think, therefore, that it is immaterial whether the suit is brought against him to recover specific property or to obtain judgment for a money demand.    In either case leave should be first obtained."

It is also well settled that a receiver can not bring an action in the absence of statutory authority, without first obtaining leave of the court by which he was appointed.    High Receivers, section 208 ; Edwards Receivers, 136 ; Kerr Receivers, 192, 193.

The statute provides that "The receiver shall have power, under control of the court, or of the judge thereof in vacation, to bring and defend actions * * as the court or the judge thereof may authorize." R. S. 1881, section 1228. In *Meara* v. *Holbrook*, 20 Ohio St. 137, the court construing a provision of the statute of Ohio relating to receivers similar to the provision of the statute of this State above set forth, said : " In this State, a receiver is appointed under the express authority of the statute, and among the powers thereby conferred upon him, as we have seen, is that of bringing and defending suit in his own name, as *receiver.*'    His capacity, then, of suing and being sued 'as receiver' is a power conferred upon him by the statute, and is plainly distinguishable from that of a personal character," and held that an action might be brought against him under the statute as receiver by leave of the court appointing him.

As a receiver, in the absence of statutory authority, can neither sue nor be sued without leave of the court by which he was appointed, we think it is essential to aver in the complaint that leave to bring the action had been granted by the proper court.    In *Garver* v. *Kent*, 70 Ind. 428, it was said : " There is no averment in the complaint, that the court appointing the plaintiff as receiver authorized him to bring this or any action or actions in his own name, in matters concerning his receivership.    The objection is fatal to the plaintiff's recovery."    This case was afterwards approved by this court.

*Moriarty* v. *Kent*, 71 Ind. 601. See, to same effect, *Herron* v. *Vance*, 17 Ind. 595; *Coope* v. *Bowles*, 28 How. Pr. 10.

As the purpose of this action was to reach or disturb the property in the possession of the appellee, as such receiver, we hold that in the absence of an averment in the complaint that leave to bring the action had been granted by the proper court, the complaint was insufficient, and that the demurrer for that reason was properly sustained. As no such averment was made in either paragraph of the complaint, it is unnecessary to decide whether the demurrer which was filed was a separate demurrer to each paragraph or a joint one as to all. Each and all the paragraphs were, for the reason stated, insufficient. We express no opinion as to whether the complaint would have been sufficient if such an averment had been made. We merely decide that without such an averment it was insufficient.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Feb. 22, 1884. Petition for a rehearing overruled May 29, 1884.