The Elkhart Car Works Company *et al. v.* Ellis *et al.*

No. 13,305.

THE ELKHART CAR WORKS COMPANY ET AL. *v.* ELLIS ET AL.

RECEIVER.—*Leave to Sue.—Appearance.— Waiver of Objection.*— Where, in an action to quiet title, a receiver appears and joins issue without objecting that leave to sue him was not first obtained, he can not afterwards make such objection.

REAL ESTATE.—*Estates Upon Condition Subsequent.— Forfeiture.—Re-Entry Before Breach.*—In order to defeat an estate upon condition subsequent, a re-entry after a breach of the condition is necessary, and a complaint by the grantor to quiet title, alleging a re-entry before breach, is bad.

SAME.—*Prevention of Performance.*—The grantor of an estate upon condition, who wrongfully prevents the performance of the condition, can not regain the estate, and a grantor who re-enters prior to breach *prima facie* prevents performance.

SAME. —*Intendments.*—Intendments will not be made in favor of one who undertakes to forfeit an estate upon condition subsequent.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellants.

*H. D. Wilson* and *W. J. Davis,* for appellees.

ELLIOTT, J.—This action was brought by the appellees to quiet title to real estate. The claim of the appellees is, that a right vested in them by virtue of a breach of the condition contained in a deed executed by them to the car works company. The deed received a construction in *Ellis* v. *Elkhart Car Works Co.*, 97 Ind. 247, and some of the questions affecting the present phase of this controversy were there decided, although the complaint now before us was filed in a different action.

The complaint alleges a breach of the condition and an entry by the grantors, but it also shows that the corporation had become insolvent and that a receiver had been appointed. The complaint was not questioned by demurrer, but was assailed by a motion in arrest of judgment. The question, therefore, is, was it sufficient after verdict?

The first objection is, that it is not averred that leave was obtained to sue the receiver. In support of this objection the case of *Keen* v. *Breckenridge,* 96 Ind. 69, is cited. We do not think that case governs the present, for here the receiver, without objecting to the proceedings against him, united with the other defendants in an answer of general denial, and made no objection until after the finding. Having voluntarily submitted to the authority of the court and joined issue without objection, it is too late for him to urge that leave to sue him was not first obtained. It is, indeed, doubtful whether the decision in *Keen* v. *Breckenridge, supra,* applies at all to such a case as this, but, granting that it does, the objection comes too late to be of any avail.

The deed to the car works company was executed on the 1st day of December, 1881, and was upon this condition: " If the. grantee, or its grantees, or assignees, shall at any time within three years from this date fail, neglect or refuse to use said real estate in the manufacture of cars, for a term of six consecutive months at a time, said real estate shall revert to said grantors." The breach of this condition is thus averred : " Plaintiffs aver that said car works company has failed, neglected and refused to use said real estate, or any part thereof, from July 1st, 1882, to this date, or any part of said time." The re-entry of appellees for condition broken is thus alleged : " That, on the 1st day of June, 1882, plaintiffs re-entered on said premises and demanded that said company comply with the covenants, conditions and terms, all and singular, of said deed, but said company then and there refused, and ever since has refused, to comply with any of the covenants or conditions mentioned in said deed."

It is important to bear in mind the date when the breach of the condition occurred and the date on which the re-entry was made. The breach did not occur until the 1st day of July, 1882, and the re-entry was made on the 1st day of June, 1882. These dates are averred as material, traversable facts,

and we can not disregard them, but must yield them their just force. This requires us to hold that the re-entry took place before there was any breach of condition, for the breach did not occur until after the 1st day of July, 1882, and the re-entry was made on the first day of the preceding month. It is indispensably essential, in order to defeat an estate upon condition subsequent, that there shall be a re-entry, or its equivalent, and there can not be a re-entry until there has been a breach of the condition. An entry before that time is wrongful, and no rights can result from a wrong. An estate upon condition subsequent does not fail until there has been a breach of the condition and a demand or re-entry. Both these things must concur to revest the title in the grantor. The re-entry can not be made before breach, and if an entry is made before that time it will be unavailing.

There is more than a defective or insufficient statement in the pleading before us, for there is a direct averment that an act essential to the cause of action was performed at an improper time. Instead of showing the performance of the act in a rightful manner, it is affirmatively shown that it was wrongfully done. There is, therefore, a substantial infirmity in the facts pleaded, and not simply an error in the manner of stating them.

The special finding does not cure the defect in the complaint. We need not, therefore, decide what would be the effect of section 658 R. S. 1881, if the defect were remedied by the special finding.

It is the breach of the condition that gives the right of re-entry, and not the abandonment of possession by the grantee; so that, to make the complaint good, it must be positively alleged that the condition was broken and that the right of re-entry was properly exercised.

If the grantor of an estate upon condition wrongfully prevents the performance of the condition he can not regain the estate. This principle runs through all the law, and is a

principle of natural justice.  1 Sheppard Touchstone (6th ed.), 154.

It would be a flagrant violation of right to permit the grantor of an estate upon a condition subsequent to defeat the estate by wrongfully preventing the performance of the condition, and the law is not subject to the reproach of permitting such a thing to be done.  If it be true that the grantors did wrongfully prevent the grantee in this instance from performing the condition, they can not forfeit the estate. If the grantors did enter before the time for performance had expired, and by so doing did prevent a performance of the condition, they can not recover.  If they entered prior to breach they did, *prima facie* at least, prevent performance ; and, as the complaint shows that the breach did not occur until July 1st, 1882, and that a re-entry was made and possession taken by the appellees on the 1st day of 'June, 1882, it shows, *prima facie*, at all events, that they did prevent performance, since, if they ousted the appellant company, they disabled it from performing the condition.

If, as appellees contend, the condition was broken because of a failure to manufacture cars for six months next after the 1st day of December, 1881, then a re-entry on June 1st, 1882, would be rightful and effective.  The time fixed for performance is six consecutive calendar months, and, as held in *Sheets* v. *Selden*, 2 Wall. 177, a re-entry on the 1st day of June, 1882, would be rightful if the breach was complete within the six calendar months following December 1st, 1881.    But the weakness in the appellees' position—and it is an incurable one as the record exhibits it to us—is, that the complaint avers that the breach occurred on July 1st, 1882, and that the entry was made on the first day of the preceding month.

As is well known, conditions subsequent are not favored, and he who undertakes to forfeit an estate held upon such a condition can not successfully ask that intendments shall be made in his favor.

Judgment reversed, with instructions to sustain the appellants' motion in arrest of judgment.

MITCHELL, C. J., did not take any part in the decision of this case.

