Davis *et al. v.* The Ladoga Creamery Company, by Talbut, Receiver.

No. 15,000.

DAVIS ET AL. *v.* THE LADOGA CREAMERY COMPANY, BY TALBUT, RECEIVER.

RECEIVER.—*Action by.—Leave of Court to Sue.—Complaint Must Show.*—A complaint filed by a receiver which fails to allege that leave of the court to institute and prosecute the action has been obtained is fatally defective.

SAME.—*Alone has the Right to Sue.*—Where a receiver is appointed for a company he succeeds to all the rights of the company, and he alone, under the orders of the court, can maintain an action for the enforcement of such rights. The right of the company to sue is suspended as long as there is an acting receiver.

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy, B. T. Ristine* and *T. H. Ristine,* for appellants.

*J. F. Harney,* for appellee.

COFFEY, J.—This was an action commenced by the appellee against the appellants in the Montgomery Circuit Court for the specific performance of a parol contract to convey real estate.

The material allegations found in the complaint are that the appellee, Talbut, was duly appointed receiver of the Ladoga Creamery Company by the Montgomery Circuit Court, in the year 1887; that said company is the equitable owner, and has been in the possession since May 8th, 1886, of the land described in the complaint; that said company came into the possession of said land claiming ownership thereof by purchase from the appellants, Samuel Davis and Thomas Rankin, who were doing business under the firm name and style of Davis & Rankin; that said purchase was made by parol from the agent of the said appellants on the 8th day of May, 1886, by which said appellants agreed to convey said land in fee simple to said company by warranty deed, in consideration of the sum of three hundred and fifty dollars then paid; that said deed was signed by the appellants

and submitted to the inspection of said company and its agents and officers, and was believed by them to have passed to the rightful possession of the said company, but that it has since been made to appear that the Bank of Ladoga, with which it was left, was not the agent of said company to receive the same, but was the agent of the appellants who ordered said bank to withhold said deed from said company; that the appellants have taken said deed and have refused and still fail and refuse to deliver the same as it agreed to do; that appellees have performed said agreement on their part. Prayer for specific performance.

The objections urged to this complaint are:

*First.* That the action is brought by a receiver, and the complaint does not allege that the appellee, Talbut, had any authority from the court appointing him, to bring this suit.

*Second.* That there is no sufficient allegation in the complaint to take the case out of the statute of frauds.

*Third.* that there is no allegation of a demand for a deed before suit brought.

Mr. High, in his work on Receivers, section 201, says: " It is essential, therefore, in order to sustain a suit brought by him (the receiver) in his representative capacity that he allege and set forth the equities of the parties whose rights of action he represents, and he must also show that by the appointment of the court, properly made in a matter within its jurisdiction, authority has been conferred upon him, in his representative capacity as receiver, to prosecute the action; and failing to show this he can not maintain an action."

Mr. Beach, in his work on Receivers, section 650, says: " Out of the established doctrine that a receiver is the officer of the court—the ' hand ' by which it executes its will in regard to the property in its keeping—is deduced the well nigh universal rule that a receiver may not bring any suit without having first obtained leave of the court."

In the case of *Garver* v. *Kent*, 70 Ind. 428, the receiver

obtained judgment on a promissory note, in his own name as receiver. The judgment was reversed by this court because the receiver failed to allege in his complaint that he had obtained leave of the court to prosecute the action. In that case the court said : " In the case before us, there is no averment in the complaint, that the court appointing the plaintiff as receiver authorized him to bring this or any action or actions in his own name, in matters concerning his receivership. The objection is fatal to the plaintiff's recovery, as the complaint states no facts showing a right of action in him."

To the same effect is *Moriarty* v. *Kent,* 71 Ind. 601, and *Harrell* v. *Kent,* 71 Ind. 602. See, also, *Herron* v. *Vance,* 17 Ind. 595; *Coope* v. *Bowles,* 28 How. Pr. 10 ; *Keen* v. *Breckenridge,* 96 Ind. 69 ; *Wynn* v. *Lord Newborough,* 3 Bro. C. C. 88 ; *Green* v. *Winter,* 1 John. Ch. 60; *Ward* v. *Swift,* 6 Hare, 312 ; *In re Merritt,* 5 Paige, 125 ; *Merritt* v. *Merritt,* 16 Wend. 405 ; *Davis* v. *Snead,* 33 Gratt. 705 ; *Swaby* v. *Dickson,* 5 Sim. 629 ; *Battle* v. *Davis,* 66 N. C. 252; *Screven* v. *Clark,* 48 Ga. 41 ; *Glenn* v. *Busey,* 3 Cent. Rep. 283.

Under these authorities a complaint filed by a receiver which fails to allege that leave of the court to institute and prosecute the action has been obtained is fatally defective.

It was held in the cases of *Ohio, etc., R. W. Co.* v. *Nickless,* 71 Ind. 271, and *Elkhart Car Works Co.* v. *Ellis,* 113 Ind. 215, that in suing a receiver it was not necessary to allege that leave of the court had been obtained to do so, but these cases are not in point where the question involved relates to the sufficiency of a complaint filed by a receiver.

In answer to this objection it is urged by the appellee that this suit was not prosecuted by the receiver in his own name, but that it was prosecuted in the name of the Ladoga Creamery Company by the receiver.

In response to the position assumed by the appellee it must be said that the receiver, when appointed, succeeded to all the rights of the Ladoga Creamery Company, and he

alone, under the orders of the court, could maintain an action for the enforcement of such rights. The right of the company to sue was suspended so long as there was an acting receiver. Beach Receivers, section 663 ; *Coope* v. *Bowles, supra; Griffin* v. *Long Island R. R. Co.,* 102 N. Y. 449 ; *Curtis* v. *McIlhenny,* 5 Jones Eq. (N. C.) 290.

The cause was tried by the court who, at the request of the parties, made a special finding of the facts in the cause. It is not found that the receiver obtained an order of the court to commence and prosecute this action.

This being a suit involving a collateral matter, in our opinion the complaint in this case is fatally defective in failing to allege that the receiver obtained an order of the court appointing him to institute this suit before the action was commenced.

Having reached this conclusion it is unnecessary to examine the other questions presented by the record.

Judgment reversed, with directions to the circuit court to grant a new trial.

Filed April 30, 1891.