RHODES *v.* HILLIGOSS, RECEIVER.

[No. 2,091. Filed December 17, 1896.]

PLEADING.—*Complaint by Receiver.*—*Sufficiency of.*—The complaint, in a suit commenced by a receiver upon an obligation due a corporation for which he is acting, is not sufficient to withstand a demurrer, which does not allege that leave of court to institute and prosecute the action was obtained before suit was brought. *pp.* *478-481.*

SAME —*Complaint.*—*Receiver.*—The necessary averment in an action

by a receiver that he has been given leave by the court to bring the action is not supplied by the averments of the complaint that he has been appointed as receiver and has qualified and entered upon his duties as such, "and accordingly he brings this suit." *p. 481.*

SAME.— *Complaint.—Receiver.— Statutes Construed.*— The omission from the complaint of the necessary averment in an action by a receiver, that he has been given leave of court to bring the action, is not aided upon appeal by sections 348, 401, and 670, Burns' R. S. 1894, providing that no objection taken by demurrer and overruled shall be sufficient to reverse the judgment if it appears from the whole record that the merits of the case have been fairly determined, and that technical defects, or defects in form shall not be ground for reversal. *pp. 481-484.*

From the Marion Circuit Court. *Reversed.*

*Elmer E. Stevenson,* for appellant.

*William V. Rooker,* for appellee.

ROSS, J.—The only question presented on this appeal is whether or not it is necessary to the statement of a cause of action, in a suit commenced by a receiver upon an obligation due the corporation for which he is acting, that it be alleged that leave of court to institute and prosecute the action was obtained before suit was commenced.

Section 1242, Burns' R. S. 1894 (1228, Horner's R. S. 1896), provides that: "the receiver shall have power, under control of the court, or of the judge thereof in vacation, to bring and defend actions, to take and keep possession of the property, to receive rents, collect debts, in his own name, and generally to do such acts respecting the property, as the court or the judge thereof may authorize."

This section authorizes a receiver to bring an action only when authority to do so has been granted by the court, if in session, or the judge thereof in vacation.

In *Garver* v. *Kent, Rec.,* 70 Ind. 428, the court says: "There is no averment in the complaint, that the court appointing the plaintiff as receiver authorized him to

bring this, or any action or actions in his own name, in matters concerning his receivership. The objection is fatal to the plaintiff's recovery, as the complaint states no facts showing a right of action in him."

In *Moriarty* v. *Kent, Rec.,* 71 Ind. 601, Elliott, J., says: "This case turns upon the question, whether the receiver of an insolvent corporation has any authority to sue in his own name upon promissory notes executed to the corporation, in cases where there is no authority conferred by statute or by the judgment of a court of competent jurisdiction."

In *Keen* v. *Breckinridge, Rec.,* 96 Ind. 69, the court, in construing the above section of the statute and the right thereunder to sue a receiver, says: "As a receiver, in the absence of statutory authority, can neither sue nor be sued without leave of the court by which he was appointed, we think it is essential to aver in the complaint that leave to bring the action had been granted by the proper court."

In the case of *Davis* v. *Ladoga Creamery Co.,* 128 Ind. 222, the court, after reviewing the authorities, including *Garver* v. *Kent, supra; Moriarity* v. *Kent, supra,* and *Keen* v. *Breckinridge, Rec., supra,* says: "Under these authorities a complaint filed by a receiver which fails to allege that leave of the court to institute and prosecute the action has been obtained is fatally defective."

In the case of *Wayne Pike Co.* v. *State, ex rel.,* 134 Ind. 672, which was an action instituted against the receiver, the court says: "It seems to be settled that a receiver, as a general rule, can neither sue nor be sued, without leave of the court making the appointment is first obtained."

In *Pouder* v. *Catterson, Rec.,* 127 Ind. 434, the court says: "It is undoubtedly a correct special proposition that, in the absence of authority derived from the

statute or from the court ordering his appointment, a receiver has no power to sue in his own name, and that when his authority is derived from the order of the court, that fact must appear by suitable averments in the complaint." And in support of this proposition is cited *Garver* v. *Kent, Rec., supra.* And continuing the court says: "The reason is that the legal title to choses in action, or other property which he is authorized to reduce to possession, is ordinarily not transferred to the receiver, but remains in the owner, in whose name suit must be brought unless the statute or the order of the court authorizes the receiver to proceed in his own name."

This proposition is recognized as settled by the text writers. High on Receivers, section 208; Beach on Receivers, section 650; Kerr on Receivers, 192, 193; Edwards on Receivers, 136.

It is urged on behalf of the appellee, however, that the allegations of the complaint are sufficient, in that it is alleged that he was appointed as receiver, that he qualified and entered upon his duties as such receiver "and accordingly he brings this suit."

It is not alleged in the complaint what acts the court appointing him had authorized him to do. As heretofore stated, the statute does not authorize a receiver to bring an action, hence, the only way such authority can be conferred is by order of the court under whose direction such receiver is acting. The allegations of the complaint before us are not broad enough to show that the appellee was authorized by the court to institute the action.

It is further contended by counsel for the appellee that the cause should not be reversed for the error in overruling the demurrer to the complaint, if it appears from the record that the cause was fairly tried

and a right result reached. In support of this contention counsel cite sections 348, 401 and 670, Burns' R. S. 1894 (345, 398 and 658, Horner's R. S. 1896). These statutes may be made the cloak to cover up many irregularities in the judgment and proceedings of the trial court, but they cannot be made to supply the very foundation upon which the action rests. Without a complaint the appellee had no standing in court, and the court had no power to render a judgment against the appellant. A paper filed as a complaint will not authorize a judgment, especially, if attacked by demurrer for want of facts, unless it states a cause of action. But counsel insists that this court can look to the evidence, if it is in the record, and from it determine whether the evidence shows that the appellee was empowered by the court to bring the action, and if it does so show, that the complaint will be deemed to be amended, and further, that inasmuch as the appellant has not filed in this court a complete record containing the evidence, it must be assumed that the evidence shows that appellee did procure the authority of the court to bring this action before it was commenced.

This court cannot look to the evidence and from it determine the sufficiency of a complaint, for the evidence can neither add to nor detract from any of its allegations.

In *Johnson* v. *Breedlove, Admr.*, 72 Ind. 368, Worden, J., says: " It seems to us to be quite clear that where a demurrer for want of sufficient facts, either to a complaint or answer, has been erroneously overruled, and exceptions duly reserved, the defect in the pleading demurred to cannot be aided by section 580 of the code." Section 658, *supra*.

"The exception having been saved to the ruling on the demurrer, the pleading cannot be aided by refer-

ence either to the evidence or to the verdict," says Woods, J., in *Abell* v. *Riddle*, 75 Ind. 345.

And in the case of the *Pennsylvania Co.* v. *Poor*, 103 Ind. 553, Elliott, J., says: "Where a complaint is challenged by demurrer, and an exception is reserved, we cannot look into the evidence to ascertain whether injury did or did not result. The sufficiency of the complaint is to be determined from the facts stated in it, and not from what may, or may not, appear in the evidence. The court cannot examine evidence to determine a question presented by demurrer; for the demurrer presents the question fully, and the question presented must be decided according to the record."

"Where a demurrer to a complaint is overruled, the complaint must stand or fall upon its own merits. We cannot look into the evidence and from that determine whether to reverse or affirm the ruling on the demurrer," says Mitchell J., in *Pennsylvania Co.* v. *Marion*, 104 Ind. 239.

In the case of *Belt, etc., R. R. Co.* v. *Mann*, 107 Ind. 89, Mitchell J., in speaking of the sections of the statute heretofore referred to, says: "The foregoing sections have often been resorted to, but without success, in aid of complaints which failed to state facts sufficient to constitute a cause of action. Where a demurrer to a complaint which fails to state a cause of action has been overruled, the error in so ruling can not be cured by resorting to the sections relied on. The reasons have been so often stated that to state them again would serve no useful purpose."

In *Ryan* v. *Hurley*, 119 Ind. 115, Olds, J., speaking for the court, says: "It has been repeatedly held by this court that we cannot look into the evidence and be governed by it in affirming or reversing a judgment for error committed in ruling on a demurrer to

a complaint. The complaint must stand on its own merits, and if there is error in overruling a demurrer to it the case must be reversed. We cannot look into the evidence to determine whether injury did or did not result from such error."

And this court, by Gavin, J., in the case of *New Kentucky Coal Co.* v. *Albani, Admx.*, 12 Ind. App. 497, says: "We cannot, as requested by appellee, resort to the evidence and the instructions to ascertain whether or not the error in overruling the demurrer was harmless."

The rule as announced is that the sections of the statute referred to, cannot ordinarily aid an insufficient pleading and that this court cannot look to the evidence and from it determine whether or not the ruling on the demurrer to such pleading was harmful.

The judgment of the court below is therefore reversed, with instructions to sustain the demurrer to the complaint, with leave to amend.

LOTZ, C. J., concurs in the result.