## GEORGE HAAG, Respondent, v. HUGH C. WARD, Receiver, Appellant.

### Kansas City Court of Appeals, May 6, 1901.

1. **Justices' Courts: APPEALS: SUFFICIENCY OF STATEMENT.** A defendant can have no adjudication in the circuit court in regard to the sufficiency of the statement filed with the justice, unless he prosecute his appeal and by notice brings the plaintiff into such court.

2. **———: RECEIVER: PLEADING: LEAVE TO SUE: JURISDICTION: APPEAL.** In a suit before a justice against a receiver, the statement should aver leave of the court appointing him to bring the action, since such leave is jurisdictional and may be raised at any time; and is not waived by the receiver's appeal.

3. **———: ———: ———: ———: ———: EVIDENCE.** And the fact that proof of such leave may have been made at the trial will not cure the defect in the pleading, especially where such proof is not preserved by bill of exceptions.

4. ———: INVALID JUDGMENT: APPEAL: AFFIRMANCE. An affirmance by the circuit court, on appeal of an invalid judgment of a justice of the peace, will not impart to it any validity.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED *(with directions).*

*Ward & Hadley* for appellant.

(1) A receiver can not be sued without leave or authority of court appointing him. Turner v. Railroad, 74 Mo. 602; Smith v. Railroad, 151 Mo. 391; Wiswall v. Sampson, 14 How. 52, 64, 69; Barton v. Barbour, 104 U. S. 126, 128, 129; Burk v. Machine Co., 98 Mich. 614; Porter v. Sabin, 149 U. S. 473, 479; Payne v. Baxter, 2 Tenn. Ch. 517; Smith on Receivers, sec. 83; Beach on Receivers, secs. 229, 650, 653, 661; Neun v. B. & L. Ass'n, 149 Mo. 80. (2) Leave to sue a receiver is a jurisdictional fact. Barton v. Barbour, 104 U. S. 164; Peale v. Phipps, 14 How. 376; Davis v. Gray, 16 Wall. 203, 216, 218; Express Co. v. Railroad, 99 U. S. 191, 198; Porter v. Sabin, 149 U. S. 473 to 479; Smith v. Railroad, 151 Mo. 402. (3) If justice Pursley was without jurisdiction to render judgment herein, the circuit court, on appeal, was without jurisdiction to affirm the judgment of the justice. Mill Co. v. Short, 58 Mo. App. 320; Hansard v. Ins. Co., 62 Mo. App. 148; Endicott v. Hall, 61 Mo. App. 186.

*Owen G. Long* for respondent.

(1) "The taking of an appeal, waives all imperfections, etc., and is equivalent to a general appearance to the merits in the circuit court." Rice v. Railroad, 30 Mo. App. 110; Berk-

ley v. Kobes, 13 Mo. App. 502; Kelley v. Railroad, 86 Mo. 681; Horton v. Railroad, 26 Mo. App. 349; Cooksey v. Railroad, 17 Mo. App. 132; Williams v. Sinclair, 11 Mo. App. 593; Holdridge v. Marsh, 28 Mo. App. 283; Riddle v. Gillespie, 67 Mo. 627; Page v. Railroad, 61 Mo. 79.   (2) Respondent's abstract shows the court that an amendment to his statement could have been made in the circuit court setting forth the obtaining of leave to sue from the United States court, which would avoid appellant's contention altogether.   Daniel v. Atkins, 66 Mo. App. 342; Dowdy v. Wamble, 110 Mo. 280; Keltenbaugh v. Railroad, 34 Mo. App. 147; Henry v. Railroad, 44 Mo. App. 100; Fathman-Miller v. Ritter, 33 Mo. App. 404.   (3) I claim that appellant has no ground for his contention that respondent's statement before the justice is fatally defective in that it does not show leave to sue the receiver, and that therefore the justice was deprived of jurisdiction.   Daniels v. Atkins, supra.   (4) And lastly and finally, I contend that appellant by appealing from the justice of the peace to the circuit court, thereby put himself within the jurisdiction of that court, and entered his appearance therein, and the fact of his having failed to prosecute his appeal as stated, being undisputed, he, therefore, is not in a position to raise any question other than the fact of the serving of such notice, and that therefore it was mandatory on the circuit court to sustain respondent's motion to affirm the judgment of the justice. Hammel v. Weis, 54 Mo. App. 14; Wolff v. Coffin, 46 Mo. App. 190; Crosby v. Clary, 43 Mo. App. 222; Kelley v. Railroad, 86 Mo. 681.

SMITH, P. J.—This is an action on a special taxbill which was brought before a justice of the peace.   The statement contained the usual allegations in actions of the kind, supplemented with the further allegation that defendant Ward

was receiver under an appointment of the United States circuit court for the western district of Missouri of the co-partnership estate of John J. Mastin & Co., and that as such receiver, with the other defendants (naming them), own, or claim to own said land, or some interest therein.

There was a judgment by default. Afterwards, by the appeal taken by the receiver, the cause was removed to the circuit court. The receiver neglected to give the notice of the appeal required in such cases by the statute. Revised Statutes 1899, section 4075, 4076. Afterwards, the plaintiff filed a motion to affirm the judgment of the justice, which was sustained. The receiver thereupon took his appeal here.

The only question arising on the record now before us is, whether or not the statement alleges facts sufficient to constitute a cause of action ? It is contended by the receiver that it is fundamentally defective in that it does not allege that leave was granted plaintiff by the court appointing him to bring the suit.

The general rule is that in cases where a judgment of the justice is affirmed, as here, the appellant can have no adjudication in the circuit court as to the sufficiency of the statement filed with the justice unless he duly prosecute his appeal and by notice brings the appellee into the appellate court. Wolff v. Coffin, 46 Mo. App. 190; Cooksey v. Railway, 17 Mo. App. 132; Horton v. Railway, 26 Mo. App. 349; Holloman v. Railway, 92 Mo. 284. But where the statement omits a jurisdictional fact, the rule just quoted would, of course, be inapplicable.

In Kirk v. Kane, 87 Mo. App. 274, it was said by us: "The authorities all declare with one accord that unless expressly authorized by statute a suit can not be brought against a receiver without the permission of the court appointing him." The rule seems very well established that it is neces-

sary to allege in the complaint, petition or declaration, against a receiver, that leave of a court has been granted to bring the action. High on Receivers, sec. 254; Smith on Receivers, 192; Smith v. Railway, 151 Mo. 402; Burk v. Muskegon Mach. & F. Co., 98 Mich. 614; Keen v. Breckenridge, 96 Ind. 69.

The authorities are conflicting as to whether or not the want of leave to bring the action against a receiver is jurisdictional and, therefore, fatal to the action. "The better considered authorities, however, support the proposition that leave to sue the receiver is jurisdictional in its nature and that its omission is fatal to maintaining the action." High on Receivers, sec. 254a; Smith v. Railway, supra; Barton v. Barbour, 104 U. S. 126; Brown v. Rauch, 1 Wash. 497; Garver v. Kent, 70 Ind. 428; Keen v. Breckenridge, supra; Martin v. Atchison, 2 Idaho 590. And since the want of leave to bring the action goes to the jurisdiction of the court and is not merely error, the question may be raised at any stage of the cause and even from an appeal from a judgment against a receiver, and where he has not raised it in the trial court. High on Receivers, p. 224; Brown v. Ranch, supra. The receiver by his appeal waived nothing. It will be seen from the two last-cited authorities that the rule laid down in Bornschein v. Finck, 13 Mo. App. 120, and other cases, is inapplicable in a case of this kind.

It is true, this was a statement filed with a justice of the peace where formality is not required. Such statements are sufficient if they state in substance a cause of action. Leave to sue the receiver being a jurisdictional fact, it could no more be dispensed with in a statement of a cause of action to be filed with a justice than in a petition to be filed in a court of record. It was a basic fact, without the allegation of which a judgment would not be supported by the statement.

But the plaintiff suggests that even though his statement

does not allege that leave to sue was granted him, yet if it anywhere appeared in the record that this unalleged essential was proved, that then that will suffice. But we can not see that if this were so that it would help the plaintiff out of his predicament, for it is not disclosed by the record that any such proof was made in the case. It is true, he has filed what he is pleased to term an additional abstract of the record in which it is stated that on the hearing of his motion to affirm, in the court below, he introduced a certified copy of the order of the federal court granting him leave to bring the suit. But as there was no bill of exceptions taken whereby the evidence introduced on the motion was preserved, it, of course, is no part of the record and can not be noticed by us. The fact that there is no way by which such proof could be preserved in such case, only emphasizes the necessity of pleading the leave to sue.

It, therefore, results that since the judgment of the justice was invalid, the action of the circuit court affirming it imparted to it no validity. Upon the face of the record neither of these judgments are valid. The judgment of the circuit court will be reversed and cause remanded, with directions to grant leave to the plaintiff to amend his statement if he shall request it. All concur.