Filed Oct. 7, 1893.

———————◆———————

No. 16,222.

THE ELKHART CAR WORKS COMPANY ET AL. *v.* ELLIS ET AL.

ACTION.—*Complaint.*—*Dismissal Without Prejudice.*—*Estoppel.*—*Harmless Error.*—*When Right of Action Not Defeated.*—Where two actions between the same parties had each been dismissed by the plaintiff, without prejudice, and a third action instituted, the plaintiff is not estopped from prosecuting his last action because certain allegations therein are repugnant to allegations in the complaints in the actions dismissed. A right of action can not be defeated by a harmless error of the plaintiff in instituting his action.

From the Elkhart Circuit Court.

*J. H. Baker, F. E. Baker* and *C. W. Miller*, for appellants.

*H. D. Wilson, W. J. Davis* and *H. C. Wilson*, for appellees.

HACKNEY, J.—The error assigned is in the conclusions of law upon the facts specially found. The facts so found are, in substance, as follows: On the 1st day of December, 1881, Jacob B. Ellis and others owned a tract of land within the city of Elkhart, and, on that day, conveyed fifteen acres thereof to the appellants, for the consideration alone of the defeasance stated in the deed of conveyance, as follows: "This deed is executed on condition that if the grantee or her grantee or assignees shall at any time within three years from this date, fail, neglect or refuse to use said real estate for the manufacture of cars, for the term of six consecutive months at a time, said real estate shall revert to the grantors. This deed is also executed upon the condition that none of said real estate shall be used for the erection of tenant or residence houses within fifteen (15) years from this date." The deed of conveyance was recorded; the appellant company went into possession; expended $22,000 in building and machinery; cast 3,000 car wheels, and, on the 3d day of July, 1882, completed one hand car. On said day, said company had become insolvent, and, on the 10th day of that month, all of its property was seized upon writs of attachment in favor of various creditors, and was thereafter sold for the payment of its debts. Since July 10, 1882, said company has done no business whatever, and has had no officer residing within this State, but has, ever since said date, wholly abandoned said fifteen acres for all purposes; that on the 11th day of July, 1882, said grantors, by agent, reëntered upon said premises and demanded of the secretary and treas-

urer of said company, the only officer thereof upon the premises, a reconveyance of said premises, according to the conditions in said deed, and by reason of the failure of said company to comply with said conditions; that said agent was thereupon informed by said officer that said company could no longer perform said conditions, owing to its insolvency, but that he, said officer, was unable to deliver possession or execute a deed of said lands. Thereafter, and on said day, appellees filed their cause, No. 564, against said company, for possession, and to quiet the title to said lands, under said conditions and the alleged failure to comply with said conditions. On September 30, 1882, Charles W. Fish became receiver of said company, without the consent of appellees, and he was thereafter, on petition, made a defendant in said cause No. 564, but has at no time taken possession of said lands, nor has he performed any act as receiver excepting the defense of appellees' several suits. In the action so commenced, a demurrer was sustained to the complaint, from which ruling the appellees herein appealed to the Supreme Court, and secured a reversal for the error in said ruling. *Ellis* v. *Elkhart Car Works Co.,* 97 Ind. 247.

On the 28th day of April, 1883, the appellees' again entered upon said premises to demand possession and reconveyance because of the breach of said conditions, but found no one upon the premises or elsewhere from whom to make such demand, and thereupon they asserted their right to possession and ownership of said premises. Thereafter, and on said day, appellees herein commenced another action, No. 923, against these appellants, to quiet title and for damages, and while the same was pending it was, on the 6th day of March, 1886, mutually agreed between the parties that said cause No. 564 should be dropped from the docket until and to abide the

final disposition of No. 923. Upon a trial of cause No. 923, the appellees succeeded, and said appellants appealed to the Supreme Court, where said judgment was reversed for a clerical error found in the complaint (*Elkhart Car Works Co.* v. *Ellis*, 113 Ind. 215), and, by direction of the Supreme Court, said judgment was arrested. Thereafter, on March 7, 1888, said causes, No. 564 and No. 923, were dismissed, without prejudice, and later, on the same day, appellees again reëntered upon said premises for the purpose of demanding possession and reconveyance of said lands, but again found no one from whom to make such demand, and they again asserted their claim of ownership to said lands, and thereafter, by leave of the proper court, brought this action, No. 2818.

It is further found, that from July 11, 1882, said John W. Ellis had been in possession of said lands for the purpose of taking care of the same until the title could be finally adjudged, and that he has paid the taxes thereon; that the said fifteen acres were at no time separated and fenced apart from the other portions of appellees' farm, but while occupied by said company were used by appellees, and during the last three or four years they have ploughed and used parts of them for a garden patch. At all times since April 28, 1883, appellees have claimed the right to be in possession of said fifteen acre tract on account of the condition in said deed, the failure of the company to comply therewith, and because of said abandonment thereof.

It is further found that neither of the appellees, at any time, ever deforced from said premises said car works company, or any one representing said company, nor have they at any time or in any manner interfered with the occupancy, use, or control, by said company or any

one acting for it, of said lands further than as herein found.

Said lands are worth $6,000, independent of the buildings, which buildings have gone into decay, and are of little value, if any.

Since the 28th day of April, 1883, no suit has ever been brought for the breach of said conditions, and no judgment in favor of the appellants was ever rendered on a trial of the merits.

It is concluded that, as a question of law upon said facts, appellees are entitled to possession, and to have their title to said lands quieted.

The appellants insist that the pendency of cause No. 564, and the claim therein that the forfeiture occurred on the 11th day of July, 1882, estopped the appellees to bring any other action claiming the forfeiture at some later date, during the pendency of said action.

It will be seen that no action was pending when this cause was instituted, and no recovery had ever been secured, or trial had, upon the merits of the controversy between the parties. Causes No. 564 and No. 923 had been dismissed without prejudice, before the complaint herein was filed. The issue was made by general denial to a complaint asserting a forfeiture by failure to make cars during each period of six months from the 1st day of December, 1881, up to December 1st, 1884. No plea of former adjudication or other action pending was filed, and no issue of estoppel was tendered.

In the first action, the court finds, and, we believe, correctly, that the appellees stated in their complaint a good cause of action, and that the circuit court erred in sustaining appellants' demurrer to it. The second action failed because the complaint erroneously stated the date of the alleged reëntry as preceding the date of the breach

of the condition subsequent, as found by the court. The case, as reported in 113 Ind. 215, *supra*, is in harmony with that finding. This court, in that case, intimated that if it should appear that the reëntry preceded the breach of the condition subsequent, and that if it further appeared that by such reëntry such breach was inevitable, the grantors could not regain the estate. There, only a question of pleading was in review, while here, it appears that the demand and reëntry were both long after the breach, and there is no finding that any claim of the appellees precipitated the appellants' failure on the breach of the condition subsequent. We must, therefore, presume against the existence of any such fact.

It is earnestly urged, that the assertion of antagonistic claims as to the time of the forfeiture precludes the appellants; that having, in the first cause, alleged the breach on the 11th day of July, 1882, they can not now allege and recover upon a later breach; that to permit such a course would give sanction to the practice of "blowing hot and cold in the same breath." We are aware of the rule, in support of which appellants' authorities stand, that one may not recover upon one theory or upon one construction of his contract, and then repudiate the recovery and his own construction of the contract, and pursue another remedy or a different construction of the same contract. As was said in *Birch* v. *Wright*, 1 T. R. 378, it "would be blowing both hot and cold at the same time by treating the possession of the defendant as that of a trespasser and that of a lawful tenant during the same period."

So, in *Jones* v. *Carter*, 15 M. & W. 718, the lessor sued in ejectment on the ground of alleged forfeiture of the lease, and, pending that action, sued for rents subsequently accruing under the lease. Nothing is clearer

than that he could not at one time stand upon the forfeiture and enforce the lease in its fullest effect.

These cases, and others of the class, are not in point here, as it appears that the appellees occupy no such inconsistent positions. To give full effect to the rule sought to be here enforced would establish such narrow technicality in pleading that to pursue an erroneous remedy, without recovery and without detriment to the adversary, would involve the loss of the proper remedy and the reaping of a rich harvest by the adversary whose liability is defeated by the harmless mistake of the claimant. Fortunately, our code has more liberal objects, and the practice tolerates no such harsh penalties for the inadvertences and mistakes of the pleader.

We find no error for which reversal should be had, and the judgment of the lower court is affirmed.

Filed May 11, 1893; petition for a rehearing overruled Oct. 18, 1893.